## WARD v. PACKARD et al.

THE mere fact that a vendor of land was aware of the existence of a judgment which was an incumbrance on the land at the time of his sale, and failed to inform the vendee of the existence of such judgment, is not a fraud so as to constitute a defense to suit on a note for the purchase money, where the means of information—to wit : the county records—were equally accessible to both parties. In such case if the vendee neglect to inform himself he is guilty of

negligence, and cannot set up his ignorance as a ground of fraud, unless by deceit or misrepresentation he has been misled.

The vendor in such cases has a right to act on the presumption that the vendee has informed himself of whatever he deemed it his interest to know, and Courts will treat the transaction as a purchase made with notice of the facts.

A broader equity is frequently administered in cases of specific performance, where Courts sometimes proceed upon grounds independent of the validity of the contract.

An assignment of a certificate of purchase, issued under the act providing for the sale and reclamation of swamp and overflowed lands, vests in the assignee whatever interest was conveyed by the certificate ; and this interest, whether a legal or an equitable estate, is a sufficient consideration for a note given for the assignment.

APPEAL from the Fifth District.

For facts see opinion.   Plaintiff had judgment for the amount of the note.   Defendants appeal.

*O. M. Brown,* for Appellants, cited 1 Story's Eq. Jur. 161–163, 216, 234 ; *Tod* v. *Gallagher,* 16 Serg. & R. 258 ; 2 Kent, 627, 633, 635, 653 ; 1 Ves. 96 ; 1 Sug. Vend. 7, 8 ; *Tucker* v. *Gordon,* 4 Dessau. 53–58.

*Hall & Huggins,* for Respondent, cited 1 Story's Eq. Jur. secs. 111, 141, 146, 148, 149, 150, 205, 207, 208, 209, 218, 242 ; 14 Cal. 294, Brief of Baldwin & Heydenfeldt ; Story on Cont. secs. 519, 520 ; Story on Sales, 382, 383 ; 2 Kent, 483, 485, 491 *et seq.,* 629.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action upon a promissory note for eight hundred dollars. The defenses relied upon are fraud and failure of consideration, but we do not find in the record any foundation for these defenses.   The note was given in consideration of the assignment of a certificate of purchase issued under a statute of this State, providing for the sale and reclamation of the swamp and overflowed lands.   The alleged fraud rests upon the fact, that the plaintiff failed to inform the defendants of the existence of a judgment, which it is claimed constituted an incumbrance upon the land described in the certificate.

Ward *v.* Packard.

The judgment was against one Melville, to whom the certificate was originally issued; and it appears that the land had been sold in satisfaction of the judgment, but that the period for redemption had not expired at the time of the transaction with the defendants. It is not pretended that the plaintiff endeavored to mislead the defendants in regard to these matters, but it is claimed that, having full knowledge of their existence, he was bound to put the defendants in possession of that knowledge, and that his failure to do so was a fraud upon them. The most favorable aspect in which the transaction can be regarded for the defendants, is to treat the assignment as a conveyance of the land; and admitting that such is its effect, we are satisfied that the defendants are not entitled to succeed. The fatal objection to their position in this view of the case is, that the means of information were equally accessible to both parties, and no wrong can therefore be imputed to the plaintiff on account of his mere silence. The facts were patent upon the records of the county, and the ignorance of the defendants is to be attributed to their own negligence rather than to any fault of the plaintiff, who may very well have supposed that they had examined for themselves the title and condition of the property. The answer avers that the plaintiff was aware that the defendants were ignorant of these facts, but this averment is unsupported by evidence. It is true, some of the witnesses state that the price to be paid amounted to the full value of the property, but there is a conflict of opinion upon that subject, and according to a portion of the testimony the additional value was about equal to the amount required to remove the incumbrance. We confess our inability to deduce from these circumstances any fraud in the conduct of the plaintiff, and we do not see upon what principle he can be charged with intentional or undue concealment. Story, in his work on Equity Jurisprudence, (sec. 208) says that if a vendor sell an estate, knowing that there are incumbrances upon it, of which the vendee is ignorant, the suppression of such a fact will be sufficient to avoid the sale upon the ground of fraud. This rule rests upon the soundest principles of equity and justice, and the Courts have always been ready to enforce it by relieving the purchaser from the consequences of his bargain. Silence under such circumstances amounts to a fraudu-

26

lent concealment, but the failure to speak cannot be regarded as fraudulent if the ignorance of the purchaser is attributable to his own negligence. It is not the policy of the law to encourage laches, and if the means of information are known to the purchaser, and within his reach, he cannot afterwards allege his ignorance as a ground of fraud, unless by deceit or misrepresentation he has been actually misled. The seller has the right to act upon the presumption that he had informed himself of whatever he considered it his interest to know, and the Courts will treat the transaction as a purchase made with notice of the facts, and decline to interfere. A broader and more comprehensive equity is frequently administered in cases of specific performance, but in such cases Courts of equity sometimes proceed upon grounds entirely independent of the validity of the contract.

It is unnecessary to discuss the point as to the failure of consideration. The assignment vested in the defendants whatever interest was conveyed by the certificate, and it is not important to inquire whether this interest constituted a legal or an equitable estate. In either case the consideration was sufficient, and the defendants cannot avoid the payment of the note.

We do not wish to be understood as expressing any opinion as to the validity of the claim acquired under the Melville judgment. It will be time enough to determine that matter when the question is brought before us upon a direct issue.

Judgment affirmed.