[No. 417. Decided February 10, 1892.]

H. H. TULLIS, W. T. SOULE AND P. McINTOSH, *Respondents*, v. R. M. SHANNON AND A. GARDELLA, *Appellants*.

APPEAL—RECORD—NEW TRIAL—PLEADING—ANSWER—TENDERING ISSUE.

Where the journal entry of a judgment rendered in an action shows that a motion to strike defendant's answer was made and granted, and that the defendants excepted thereto, it is a sufficient record of the whole proceeding regarding the motion and its disposition, although the grounds for the motion are not stated; and, in view of such a record, it is unnecessary to make the motion to strike a part of the record by a bill of exceptions or a statement of facts.

Where matters alleged as error were involved in the disposition of the case, and were fully presented to the court below, a motion for a new trial is unnecessary.

Where the complaint in an action upon a promissory note alleges that the payees thereof had, "for value received, duly delivered, transferred and assigned said promissory note to the plaintiffs, who are now the owners and holders thereof," an issue of ownership is tendered where the answer denies each and every allegation of the complaint, "save and except that defendants signed and delivered to the payee a paper writing, a copy of which is set forth in the complaint."

*Appeal from Superior Court, Pierce County.*

The facts are fully stated in the opinion.

*Pritchard, Stevens, Grosscup & Seymour,* for appellants.
*Charles S. Fogg,* for respondents.

The opinion of the court was delivered by

Scott, J.—This was an action brought by the respondents as plaintiffs in the court below against the appellants as defendants. The plaintiffs sought to recover upon a promissory note made payable to the order of Birmingham, Tullis & Co., and signed by the defendants; and they alleged in their complaint that prior to the commencement of the action the payees had "for value received duly delivered, transferred and assigned said promissory note to the plaintiffs, who are now the owners and holders thereof." The answer denied each and every allegation of the complaint, "save and except that about the date alleged, defendants signed and delivered to the payees a paper writing, a copy of which is set forth in the complaint." The plaintiffs moved to strike this answer out on the ground that it was sham and frivolous and because it tendered no issue. The court granted the motion to strike, and the defendants declined to amend, whereupon judgment was rendered for the plaintiffs, and the defendants appealed.

The first question is presented by a motion by respondents to strike from the transcript the motion made in the court below to strike the answer from the files on the

grounds that said motion is not a part of the judgment roll; that it has not been preserved or made part of the record in this cause by bill of exceptions or statement of facts; and that it is no part of the transcript. They also move on the same grounds to have the order granting the motion stricken. A forcible argument is made, and some authorities are cited in support of the position. But we think the points raised are rendered immaterial by the record in the case, and therefore do not decide as to them otherwise. The first paragraph of the journal entry of the judgment rendered in the action reads as follows:

"And now, to wit, on this 30th day of September, A. D. 1891, this cause came on for hearing, the plaintiffs appearing by Charles S. Fogg, their attorney, and the defendants appearing by their attorneys, Pritchard, Stevens & Grosscup, the cause having heretofore been submitted to the court upon the motion of plaintiffs to strike the answer of the defendants from the files, and the court having examined the pleadings therein, and listened to the argument of counsel, and said motion having been submitted and taken under advisement by the court, the court finds that the motion is well founded in point of law, and the same is hereby sustained, and the answer of said defendants is hereby stricken out, to which ruling the defendants at the time excepted, and refused to plead further, and elected to stand upon the ruling of the court in sustaining said motion; and defendants' exception was allowed."

This is properly here, and it is a sufficient record of the whole proceeding regarding the motion and its disposition. It shows that a motion to strike the answer was made, and that it was granted, and that the defendants excepted thereto. The grounds of the motion are not stated, but this would make no difference. The prevailing party would be entitled to the benefit of any reason sufficient to sustain the action of the court in the premises. It would make no difference if it was not the reason or ground upon which the court was moved to act. Under the circum-

stances stated in the record as aforesaid, it is immaterial
whether or not the motion was in writing. It may have
been made orally for that matter, and it would be binding
if the other party should appear and argue it without ob-
jecting to the form in which it was made.

A further motion is made by respondents to affirm the
judgment because no motion for a new trial was made.
Other grounds are stated, but they are disposed of in what
has been said upon the preceding motion. No motion for
a new trial was necessary. The matters alleged as error
were involved in the disposition of the case, and had been
fully presented to the court below. See *Jones v. Jenkins,*
*ante,* p. 17.

Appellants argue that the court below, in ruling that the
defendants' answer was sham and frivolous, and ordering
it to be stricken from the files, must have reached the con-
clusion that no substantial issue of fact was raised by it,
and they contend that the court erred in this, and that the
answer admits nothing beyond the execution and delivery
of the note to the payees therein named. They claim the
complaint contained other allegations which were material
to the plaintiffs' cause of action, among which are the fol-
lowing: That the note was delivered, transferred and as-
signed to the plaintiffs; that the plaintiffs were the owners
and holders of the note; and that these were denied by
the answer. They contend that in a suit upon a promis-
sory note, by an assignee thereof, against the maker, the
allegation of the facts showing a transfer to the plaintiff,
whether by assignment, endorsement, delivery or equitable
assignment, are material allegations, necessary to be alleged
and proved by the plaintiff as the foundation of his action;
that a complaint omitting such allegations of transfer would
be fatally bad and would state no cause of action; and
that it follows that a denial of the transfer raises a material
issue of fact, and, therefore, the answer containing such a

denial is neither sham nor frivolous upon its face, but is good, not only against a general demurrer or motion to strike out, but is equally impregnable against any other mode of attack; that the answer in the case at bar is not even susceptible to a motion to make more definite and certain, as it is a general denial of all the allegations in the complaint, save and except certain specific and definite allegations which were clearly defined. In speaking of this subject, Mr. Bliss says:

"When the statute, in general terms and without qualification, permits a general or special denial, I can see no objection to an admission of certain facts and a general denial of all others, provided it distinctly appears what facts are admitted and what denied, and so unequivocally that an indictment for perjury would lie upon the denial. It may be more convenient—it will make a neater record, and present an equally definite issue—to tender it in this way." Bliss on Code Pleading (2d ed.), § 331a.

In the case of *Burley v. German-American Bank,* 111 U. S. 216 (4 Sup. Ct. Rep. 341), under the provisions of a statute of the State of New York precisely like our own, to be found in Code of Procedure, § 194, the court held an answer substantially in form like the one here to be good. Also see *Becker v. Sweetzer,* 15 Minn. 427; *Kingsley v. Gilman,* 12 Minn. 515; *Mingst v. Blec'c,* 38 Hun. 358. No objection can be raised to the form of the answer. But the respondents further contend that after the admission of the execution of the note sued upon there was no allegation left in the complaint upon which a material issue could be raised by a general denial; that it could make no difference whether there had been a technical indorsement or assignment of the note to the plaintiffs or not, as suit may be maintained upon a promissory note by the owner of it, although it may never have been indorsed by the payee, and that such ownership may be acquired by delivery only, and without any indorsement

whatever. The respondents further argue that, excepting the allegations admitted, the complaint would still be good if all the other allegations were stricken out save and except the further one, "that plaintiffs are now the owners and holders of said promissory note, and that the same is due and unpaid and owing from defendants to plaintiffs," and they contend that this is not an issuable or traversable averment. Several authorities are cited as supporting this last proposition. Some of them are cases where suit was brought by the payee against the maker where there is a presumption of continued ownership. Another case cited is *Goldstein v. Krause* (Idaho), 13 Pacific Rep. 232, where HAYS, C. J., says:

"This action was brought upon a promissory note. The complaint alleges the making and delivery of the note to one Henry Bernstine by the defendants, who were co-partners under the firm name of Krause & Boehm, and that the same became due on the twenty-third day of August, 1884, and had not been paid; that prior to the maturity of the note Henry Bernstine duly indorsed and delivered the note to this plaintiff, who has ever since been the owner and holder of the note. Defendants Krause & Boehm, answering, admit the 'partnership, the making and delivering of the note; that the same became due and owing August 23, 1884, and that the same is not paid; but deny that, prior to August 20, 1884, Henry Bernstine indorsed and delivered the note to this plaintiff, and that the plaintiff is the owner and holder of the same."

The court held that, as the complaint alleged the payee indorsed and delivered the note to the plaintiff, the allegation of ownership was but a conclusion of law, and was immaterial, and that the answer in effect admitted the transfer of the note, and a denial that the plaintiff was the owner and holder raised no issue, and sustained the action of the lower court in striking the answer. This case sustains the position of appellant. A material allegation is

46—3 WASH.

traversable. And see *Hastings v. Dollarhide,* 18 Cal. 391; *Allis v. Leonard,* 46 N. Y. 688.

There can be no doubt but that the answer presented a material issue. The complaint alleged the assignment and delivery of the note by the payee to the plaintiffs, and that the plaintiffs were the owners and holders thereof. The answer denied this. The action being by the assignees, it was necessary for them to allege their ownership in some way, and prove it if denied.

Judgment reversed and cause remanded.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J., concurs in the result.