[No. 535. Decided August 29, 1892,]

PETER R. STOCKAND AND ANNIE STOCKAND, *Respondents*, v. C. C. BARTLETT, FRANK A. BARTLETT, AND RICHARD DELANTY, *Sheriff, Appellants*.

HUSBAND AND WIFE—COMMUNITY PROPERTY—LIABILITY FOR SEPARATE DEBT OF ONE SPOUSE.

A husband's interest in community property cannot be sold on execution to satisfy a judgment against him for his individual debt.

*Appeal from Superior Court, Jefferson County.*

*Tyler, Hays & Tyler*, for appellants.

*A. R. Coleman*, and *W. S. Bush*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an appeal from an order made subsequent to a judgment adjudging appellants guilty of contempt of court. The respondents were husband and wife, and brought an action to restrain the appellants from selling their community real property to pay the individual debt of the husband. A trial was had and appellants were enjoined from selling such real estate. Subsequently the appellants sued out a writ of execution upon the judgment, and directed the sheriff to levy upon all the right, title and interest of the defendant Peter R. Stockand in said real estate, which he was about to sell when these proceedings for contempt were instituted. The appellants contend that the injunction restraining them from selling the community real estate in question did not enjoin them from selling the husband's interest therein.

In the case of *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480 (28 Pac. Rep. 1035), it was stated that the interest of one of the parties in community real estate could not be sold separately. We are satisfied with this holding.

Such real estate is not the property of either of the parties, but of the community, and owing to the peculiar nature of the ownership of such property it would result in interminable confusion if the interest of either of the parties could be sold separately under execution. If the whole interest of one of the parties could be so sold, a part interest of one of them could be sold likewise, and the relation of the parties to the property would be destroyed thereby. The property left could not be held to be the community property of the husband and wife, for their interests after the sale would be unequal, provided they each had an interest therein, and if the whole interest of one of the parties therein was thus sold, the remaining part belonging to the other spouse would not come under any of the definitions of property which either a husband or wife may hold and enjoy. It could not be held to be the separate property of such spouse, for it would not have been acquired in any one of the ways specified by the statutes, and the community interest would have been destroyed by the sale. It is clearly against public policy to permit such a sale to be made. It has been held by us that neither the husband or wife can alienate or convey his or her interest in community real estate separately during the lifetime of the community, and if neither of them have a right to sell or convey the same to any third person, creditors can have no greater right therein.

Judgment affirmed.

ANDERS, C. J., and DUNBAR, STILES and HOYT, JJ., concur.