[No. 4460. Decided March 14, 1904.]

J. F. MALLOY, *Respondent*, v. J. B. BENWAY, *Appellant*.[1]

EJECTMENT—COMPLAINT—SUFFICIENCY—HUSBAND AND WIFE—CONVEYANCE BETWEEN—PRESUMPTION OF GOOD FAITH UNTIL QUESTIONED. A complaint for the recovery of the posession of land, plaintiff's title to which is based upon a conveyance between a husband and wife, need not allege that such a conveyance was made in good faith under the statute casting the burden of proof upon the plaintiff, since such is the presumption until the good faith of the transaction is called in question and plaintiff need not anticipate such an issue, and since the pleading is to be liberally construed.

SAME — DEED — DELIVERY — EVIDENCE — SUFFICIENCY—TITLE OF PLAINTIFF—FAILURE OF PROOF AS TO DELIVERY OF PAPERS—NONSUIT. In an action for the recovery of possession of premises in which the plaintiff claimed through a written assignment of a lease from B, there is a total failure of proof as to plaintiff's title and a nonsuit should be granted, where it appears that the assignment was made in consideration of $350, that only $50 was paid to one S, an attorney acting as agent between the parties,

[1]Reported in 75 Pac. 869.

that the balance was to be paid upon the plaintiff's obtaining pos-
session, and that the lease and assignment were not delivered to
the plaintiff, but were held by S until the balance of the purchase
price was paid, since there is a complete failure of proof as to the
delivery of the papers constituting plaintiff's title.

Appeal from a judgment of the superior court for Spo-
kane county, Richardson, J., entered April 7, 1902, upon
the verdict of a jury rendered in favor of the plaintiff,
after a trial on the merits, in an action for the recovery
of real estate. Reversed.

*John A. Peacock,* for appellant.
*Scott & Rosslow,* for respondent.

PER CURIAM.—This is an action brought by plaintiff,
J. F. Malloy, against J. B. Benway, defendant, in the
superior court of Spokane county, for the recovery of
the possession of certain real estate, described as lot eight,
in block sixty-eight, in school section sixteen, township
twenty-five north, of range forty-three east, W. M., in
said county, and the improvements thereon, including a
five room frame dwelling house; also, damages for wrong-
fully withholding possession of such property from plain-
tiff, and for other relief. The cause was tried before the
court and a jury. A verdict was rendered in favor of
plaintiff, awarding possession of the property to him, and
ten dollars damages. Defendant made and filed his mo-
tion for a new trial, which was denied by the trial court.
Judgment was entered on the verdict in favor of plaintiff.
and defendant appeals to this court.

The complaint alleges, that the state of Washington
is, and was at the times therein mentioned, the owner
of the above described land; that on June 1, 1897, the
state leased, in writing, unto J. B. Benway, this tract of
land for the period of five years; "that during the term

of lease, to wit: on or about February 2, 1901, said J. B. Benway conveyed, transferred, and assigned in writing, said lease to one Maggie Benway, his wife, together with all his interest, community or otherwise therein; and, on or about the same time, conveyed in writing all that certain five roomed frame dwelling house, together with all other improvements on said lot eight, to said Maggie Benway, conveying said premises, and all his community interest therein, to said Maggie Benway, to have as her sole and separate property; that afterwards, to wit: on or about the 9th day of December, 1901, said Maggie Benway sold, transferred, and conveyed in writing all her right, title, and interest in said lot and improvements thereon to plaintiff herein." The complaint further alleges that, by reason of the foregoing premises, plaintiff is the owner of all said property, and is entitled to the possession thereof; that plaintiff (respondent) duly demanded possession of said property of appellant, which was refused.

Appellant, Benway, demurred to the complaint. The demurrer was overruled and exception taken. An answer was then filed in the cause. · In the first paragraph thereof, occurs the following averment: "That defendant denies each and every allegation, matter, and thing in plaintiff's complaint set forth and alleged, not hereinafter admitted." The answer then in express language admits the allegations of paragraphs 1 and 2 of the complaint, pertaining to the ownership by the state of this real estate and the lease thereof to appellant. This answer also sets up an affirmative defense, alleging, in substance, that the land and property in question was and is the community holding of appellant J. B. Benway and his wife Maggie Benway; that the purported transfers thereof

were without consideration, and were fraudulently ob-
tained by the wife from the husband; that the instru-
ments purporting to convey such property were placed in
the hands of one Scott, in escrow, not to be delivered by
him to Mrs. Benway until appellant should so direct; that
appellant has been at all times and is in possession of
such property, occupying the same with his children as
a home, and that any transfer taken by respondent from
said Maggie Benway is and was taken with full knowl-
edge and notice of appellant's rights in the premises.
This defense further alleges, that respondent never gave
any consideration for said property; that he is not the
real party in interest, but is prosecuting said action for
the benefit of Maggie Benway. Respondent by his reply
denies each and all the allegations of new matter set up
in the above answer, except that J. B. and Maggie Ben-
way are husband and wife.

Appellant's first and second assignments of error prac-
tically present the same question: Does the complaint
state facts sufficient to constitute a cause of action? Ap-
pellant's counsel argues that it was necessary to allege in
the complaint that the written instruments, described
therein as having passed between J. B. Benway and his
wife, under which respondent claims title and right of
possession to the property in question, were executed in
good faith. Bal. Code, § 4580, is cited in support of such
contention. This section provides:

"In every case where any question arises as to the
good faith of any transaction between husband and wife,
whether a transaction between them directly or by inter-
vention of third person or persons, the burden of proof
shall be upon the party asserting the good faith."

Applying the provisions of this section to the allegations
in the above complaint, it would seem that, until some

question was raised as to the good faith of the transfers between the two spouses, it was unnecessary for the respondent to take the initiative and allege good faith with reference to the transaction; that respondent was not required to anticipate an issue which might never be tendered. Moreover, we think that it is a safe general rule to assume that parties in their dealings are actuated by proper motives; that, therefore, good faith with regard to such dealings will be presumed until the contrary is alleged or made to appear. The complaint, therefore, is not objectionable because it fails to allege that the transfers or instruments that passed between Mr. and Mrs. Benway were made in good faith. Moreover we think the complaint sufficient in other respects. General averments are always controlled by the specific allegations of fact in a pleading. Phillips, Code Plead., § 346; *State v. Wenzel*, 77 Ind. 428; *State ex rel. MacKenzie v. Casteel*, 110 Ind. 187.

It is also a general rule under the code of procedure that the allegations of a pleading are to be liberally construed with a view to substantial justice between the parties. "Under favor of this rule, whatever is necessarily implied in, or is reasonably to be inferred from, an allegation, is to be taken as if directly averred." Phillips, Code Plead., § 352, and citations. In view of these liberal rules of interpretation, we think that the allegations of the complaint show sufficiently, as a matter of pleading, that the right of possession in and to the property, which is the subject of this action, became vested in respondent.

It is next contended that the court below erred in denying appellant's motion for a nonsuit at the trial. This seems to us to be the pivotal question in the present controversy. We shall assume, for the purposes of this ap-

peal, without intending to decide the question, that the testimony in respondent's behalf at the trial showed that whatever title, estate, and interest appellant had in the above realty and improvements vested in his wife Maggie Benway; that the same became her sole and separate property by virtue of the two written instruments dated February 2, 1901, as stated in the complaint. Respondent at the trial attempted to make title, and show right of possession, to this land and property under a written assignment of the above lease, the consideration named therein being ten dollars, and a bill of sale of the house and improvements for the consideration of three hundred and forty dollars. These instruments are dated December 9, 1901, and are signed and acknowledged by Maggie Benway. The respondent is named in the assignment of the lease as assignee, and in the bill of sale, as vendee. The two instruments comprise all the property described in the complaint, and were introduced and received in evidence over appellant's objections, and are designated in the record as plaintiff's exhibits "A" & "B". On cross-examination respondent testified in answer to questions propounded to him as follows:

"Q. Mr. Malloy, under what circumstances did you purchase this property? A. Why the same as any other. Q. What did you pay for it? Mr. Scott: Objection; irrelevant, incompetent, and immaterial, not proper cross-examination. Overruled. Exception. A. $350. Q. Who did you pay that to? A. I paid $50 to Mr. Scott. Q. Owe the balance? A. I am to pay Mr. Scott when I get possession. Q. Mr. Scott has agreed to get possession before being paid any more money? A. Yes sir. Q. Did you have any conversation with Mrs. Benway? A. I didn't know her at all; had never seen her. . . . Q. Now Mr. Malloy, isn't it a fact that this property has not as yet, as a matter of fact, been sold to you? A. Well I say it has, I paid my fifty dollars, and expect to

pay the rest, and I expect to get it.   Q.   Otherwise it would belong to who?  A.   To Mrs. Benway, but I expect to get that property."

It further appears from the testimony in respondent's behalf that written notice was duly served upon appellant to surrender possession of this property to respondent, in the month of December, 1901, after the date of the above instruments under which respondent claims title and right of possession in and to this property, and that appellant refused to comply with such request.

Mr. A. W. D. Scott, one of respondent's attorneys in this cause, who represented Mrs. Benway in this trans-action, testified in his direct examination in the following manner:

"Q.   I will ask you to examine plaintiff's exhibits 'A' & 'B', and ask you to state whether you know anything with regard to the delivery of these deeds or instruments to Mr. Malloy, the plaintiff?  A.   These have not been delivered to Mr. Malloy, but have been held by me for the back payment that has not yet been made, as I was acting as agent between Mrs. Benway and Mr. Malloy."

This was substantially all the evidence produced at the trial bearing on the questions of delivery of these instruments, under which the respondent claims title and right of possession of this realty, together with the improvements thereon, and which constituted respondent's interest therein at the time of the commencement of the present action.

We think that the denial contained in appellant's answer puts in issue the material allegations of the complaint pertaining to the title and right of possession of this property.   See *Tullis v. Shannon*, 3 Wash. 716, 29 Pac. 449.   As a general principle of law, the possession of a completed written instrument such as a deed, bill of sale, or an assignment by a grantee, vendee, or assignee, is

prima facie evidence of the delivery of such instrument. Such presumption may, however, be overcome by compe- tent proof. Here we have positive testimony in respond- ent's behalf that these instruments, exhibits "A" & "B", were not delivered to respondent. The legal effect of this testimony above noted was that the title and right of pos- session to this property should not vest in respondent until the payment of the balance of the purchase money there- for. Under the allegations of the complaint, as a part of respondent's case, it was just as necessary for him to show a proper delivery of these instruments as that they were signed by Mrs. Benway. The proof in that respect seems to be wholly wanting. The record shows that this action was begun at or about January 18, 1902, and was not tried in the superior court till March 13, 1902. We think that neither the trial court nor the jury was war- ranted in assuming, in the light of the testimony, that simply because respondent or his attorneys introduced these instruments in evidence at the time of the trial, it therefore logically followed that they had been delivered to respondent, prior to the bringing of this action. The re- spondent must recover, if at all, on the strength of his own title in and to this property at the time of the commence- ment of this action, and not on the weakness of appellant's title thereto. *Humphries v. Sorenson,* 33 Wash. 563, 74 Pac. 690. Section 5508, Bal. Code, provides with refer- ence to actions similar to the case at bar, as follows:

"The plaintiff in such action shall set forth in his com- plaint the nature of his estate, claim, or title to the prop- erty, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail. The property shall be described with such certainty as to enable the possession thereof to be delivered if a recovery be had."

The respondent has failed in his proofs to bring this case within the purview of this section. His right to recover in the present action, under the allegations of his complaint, is based upon, and is to be measured by, the terms and conditions of exhibits "A" & "B", his evidences of title or right of possession to the above premises. He failed to prove at the trial that they were delivered to him. Besides, whatever evidence there was, as to that feature of the transaction, tended to show that title and right of possession to this property remained in Mrs. Benway till the payment of the balance of the purchase money. This is not a case of variance between the pleadings and the evidence, but one of failure of proof on the issues tendered by the complaint as to the complete execution of these written instruments; on which issues respondent had the affirmative at the trial, and failed to sustain his contentions in that behalf. We are, therefore, of the opinion that the trial court erred in denying appellant's motion for a nonsuit. Having reached this conclusion, it is unnecessary for us to consider the other assignments of error.

The judgment of the superior court is reversed, and the case remanded, with directions to dismiss the action at respondent's cost.