[No. 4966.  Decided April 6, 1904.]

J. S. ELLIOTT, *as Administrator of the Estate of E. B. Earle, Deceased, Appellant,* v. FRANK R. HAWLEY *et al., Respondents.*[1]

HUSBAND AND WIFE—SEPARATE PROPERTY OF WIFE—ACQUIRED BY EFFORTS OF WIFE UNDER LAWS OF OREGON.  Where a married woman living with her husband near a mining claim in Alaska takes a half interest in a lay thereon, hires a man to perform half the work, who is paid out of her share of the clean-up, and she personally supervises the work, her net proceeds are her separate property under the laws of Oregon so providing as to property acquired by a married woman "by her own labor," although she performed no manual labor thereon, the law meaning, by her own efforts.

SAME—SITUS OF PARTNERSHIP PROPERTY—SEPARATE PROPERTY OF WIFE REMOVED TO THIS STATE—NOT SUBJECT TO HUSBAND'S DEBTS.  Where by the laws of Oregon the profits of a mining venture made by a married woman in Alaska became her separate property, and were brought to this state and deposited as the funds of the partnership by which it was acquired, her share remains her separate property, and real estate purchased by her and paid by a check of said partnership in a sum less than the amount due her, is not subject to her husband's separate debt.

SAME—RESTRICTIONS AGAINST PARTNERSHIP BETWEEN HUSBAND AND WIFE.  The restrictions against a husband and wife's entering into a partnership are only to protect the wife from the husband's debts, and not to deprive her of her property.

[1]Reported in 76 Pac. 93.

SAME — COMMINGLING WIFE'S SEPARATE FUNDS WITH HUS-
BAND'S. Where the amount invested by both husband and wife
in a joint venture is definite and it yields a definite increase,
there is no such commingling or confusion of the separate in-
terests as to lose their identity.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered August 11, 1903, upon find-
ings in favor of the defendants, after a trial before the
court without a jury, dismissing an action to subject real
estate to execution sale. Affirmed.

*Embree & Cole* and *C. S. Preston,* for appellants.

*Carr & Preston,* for respondents.

HADLEY, J.—The purpose of this action is to subject
certain real estate in the city of Seattle to execution sale.
The suit was brought by the appellant, as administrator
of the estate of E. B. Earle, and against the respondents,
who are husband and wife. On the 3d day of June, 1898,
respondent Frank R. Hawley executed his promissory note
for the sum of $1,000, payable to the order of one Shedd,
who afterwards transferred it to the said E. B. Earle, the
latter being now deceased. Said Hawley claims that the
note was given merely as an accommodation to said Shedd
to enable him to raise some money, but that question is
immaterial here, since a judgment founded upon the note
was rendered in favor of the administrator of Shedd's de-
ceased assignee, and against said respondent, in the supe-
rior court of King county, on the 6th day of January,
1902. There was no appeal from said judgment, and it is
sought here to have it declared that the judgment is a
lien upon the said real estate, and that the land is subject
to levy and sale for the satisfaction of the judgment.

At the time said note was made the said Frank R.
Hawley was unmarried. Afterwards, on the 9th day of

July, 1898, he and his co-respondent became husband and wife. The obligation represented by the note was therefore the separate debt of Frank R. Hawley. The real estate in controversy was conveyed to the respondent Katherine W. Hawley on or about October 24, 1899, and the complaint alleges that it was purchased with the separate funds of the husband. It is averred that the conveyance was made to the wife without consideration paid or agreed to be paid by her, and in furtherance of a fraudulent scheme and design, on the part of both husband and wife, to cheat, delay, and defraud the creditors of the husband. The answer denies said allegations, and affirmatively alleges that the property was purchased with the separate funds of Katherine W. Hawley, and that the same is her sole and separate property.

A trial was had before the court without a jury. The findings of the court cover many details, and, while we deem it unnecessary to set them all out, yet a somewhat extended statement of the facts found will lead to a better understanding of the case. The court found, that respondent Frank R. Hawley had not been a resident of the state of Washington at any time during the ten years last past, and that respondent Katherine W. Hawley has never been a resident of the state; that the respondents were married in the state of California, and thereafter, in the autumn of 1898, living together as husband and wife, they took up their abode at or near claim No. 9 above Discovery, on Little Minook Creek, Alaska; that said claim No. 9 was owned by a corporation in which said Frank R. Hawley was a stockholder; that about said time said Hawley and his uncle, one Reasoner, planned to take a lay, or contract for working on shares, on a portion of said claim; that thereafter said Hawley was made manager of

said corporation, and of its operations on said claim, and said lay was then taken by said Reasoner and Katherine W. Hawley in equal shares.

It was also found, that the work upon the lay was performed by said Reasoner and another, the latter being paid for his services from Mrs. Hawley's share of the clean-up; that Mrs. Hawley did not perform actual manual labor upon the claim, but that she was frequently on said lay ground while the work was progressing, inspected the same, and consulted with her partner Reasoner concerning the work; that, as a result of the work upon the lay and the clean-up therefrom, Mrs. Hawley's net share of the proceeds was about $450, which sum, by her authority and direction, was, by her husband, invested for her in the spring of 1899; that said investment was in a partnership known as Mitchell & Co., composed of the two respondents and one Archie Mitchell; that the husband invested in the partnership an equal amount of his own funds, and that said Mitchell owned a half interest in the partnership, leaving a one-fourth interest each to Mr. and Mrs. Hawley; that the partnership operations were on Anvil Creek, near Nome, Alaska, and the gold representing the partnership's share of the clean-up was brought to the United States assay office at Seattle, Washington, in one entire lot, converted into money, and deposited in a bank at Seattle to the credit and in the name of Mitchell & Co.; that the purchase price of said real estate was paid by a check on said deposit, drawn by respondent F. L. Hawley, in the firm name of Mitchell & Co., in favor of E. M. Carr, who was acting as attorney and agent for Mrs. Hawley in the purchase of the lots; that it was understood, and in good faith believed, both by Hawley and his wife, that the money so invested was the separate money of Mrs. Hawley.

The findings also set out in full a number of sections from
Hill's Annotated Laws of Oregon, as being, by virtue of
the United States statutes, in full force and effect through-
out the territory of Alaska until June 6, 1900. Among
other provisions of said statutes are the following:

" § 2992. The property and pecuniary rights of every
married woman at the time of her marriage, or afterwards
acquired by gift, devise or inheritance, shall not be subject
to the debts or contracts of her husband, and she may man-
age, sell, convey, or devise the same by will to the same
extent and in the same manner that her husband can prop-
erty belonging to him."

" § 2993. The property, either real or personal, acquired
by any married woman during coverture, by her own labor,
shall not be liable for the debts, contracts or liabilities of
her husband, but shall, in all respects, be subject to the
same exceptions and liabilities as property owned at the
time of her marriage or afterwards acquired by gift, devise
or inheritance."

" § 2873. Neither husband or wife is liable for the
debts or liabilities of the other incurred before marriage,
and except as herein otherwise declared they are not liable
for the separate debts of each other, nor is the rent or in-
come of such property liable for the separate debts of the
other."

"§ 2997. Contracts may be made by the wife and
liabilities incurred, and the same enforced by or against
her to the same extent and in the same manner as if she
were unmarried."

It was further found that, at the time said conveyance was
made to Mrs. Hawley, her husband was wholly solvent,
and that he then and afterwards had on deposit, in the
Washington National Bank of Seattle, moneys belonging
to him largely in excess of his total indebtedness. From
the facts found, the court concluded that the lands pur-
chased became the sole and separate property of Mrs. Haw-

ley, and that her husband has never at any time had, and
has not now, any interest therein. Judgment was entered
denying the demand of the complaint and dismissing the
action. The plaintiff has appealed.

Errors are assigned upon the court's findings, but we are
satisfied, after reading the evidence, that the facts as found
by the court are sustained by the evidence submitted. If
there was no error in the conclusion that the purchase
money for the lots involved—acquired in the manner it
was—became the separate money of Mrs. Hawley, then the
judgment was right. It will be observed by reference to
§§ 2992 and 2993 of the Oregon statutes quoted above, and
which were in force in Alaska when Mrs. Hawley was en-
gaged in her enterprises there, that neither real nor per-
sonal property, acquired by a married woman during cover-
ture by her own labor, shall be liable for the debts of her
husband, but shall be absolutely her own, and subject to
her disposal. Under the evidence and the findings, Mrs.
Hawley agreed with Reasoner to work the lay above men-
tioned on shares. This she had a legal right to do, under
the terms of § 2997, *supra*.

Appellant, however, insists that the proceeds of the lay
work could not have become her separate property unless
she had actually performed manual labor upon the claim.
We do not think the words "by her own labor," used in
§ 2993, *supra*, were intended to be so restricted, but, as
suggested by respondents' counsel, that they rather mean,
by her own efforts. She deliberately agreed with Reasoner
to work a lay, and to pay for the services of a man as a
helper in her place. She was often upon the ground to
see how the work progressed, and advised with Reasoner
about it. The helper was paid from her share of the pro-
ceeds. We think, under such circumstances, that the

money was acquired by her own exertions, and that, under the law, it became her separate money. The court in its findings traced that money to a subsequent investment, and found that it yielded yet more. The findings do not disclose the amount, but the evidence shows that her share of the proceeds of such investment in the Nome partnership enterprise was more than $4,000, and that said sum was placed in the Seattle bank, and from it came the money which purchased the lots in question. Thus the money was acquired by Mrs. Hawley in Alaska under laws which made it her separate property, and when it was brought to Seattle it still remained such.

Appellant, however, insists that under *Board of Trade v. Hayden,* 4 Wash. 263, 30 Pac. 87; 32 Pac. 224, 31 Am. St. 919, 16 L. R. A. 530, the wife could not enter into a contract of partnership with her husband. It will be remembered that the husband and wife and one Mitchell composed the Nome partnership of Mitchell & Co. The rule discussed and decided in the case cited is for the protection of the wife's separate property, to prevent her from entering into such engagements with her husband that her separate property may be taken from her in satisfaction of his debts. The purpose of the rule is, not to work a loss to the wife, but to prevent it. In this instance money which went into the Nome enterprise was shown to be her separate money. It yielded a large percentage of increase. The wife was entitled to the legitimate increase upon the investment of her separate money. It is further urged that these funds have been commingled with those of the husband, and that, under *Yesler v. Hochstettler,* 4 Wash. 349, 30 Pac. 398, they are not separate funds of the wife. There has never been a commingling which leads to any confusion. The amount invested by each was a definite sum;

each sum yielded its definite increase, and the whole of each has at all times been easily ascertainable. This was not confusion, and the separate interests did not lose their identity as such.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, ANDERS, and DUNBAR, JJ., concur.