[No. 22391.   Department One.   August 15, 1930.]

W. E. CURTIS, *Appellant*, v. C. E. HICKENBOTTOM *et al.*, *Respondents.*[1]

*J. W. A. Nichols*, for appellant.
*W. E. Heidinger*, for respondents.

PARKER, J.—The plaintiff, Curtis, as assignee of P. H. Campbell, commenced this action seeking recovery against the defendants, Mr. and Mrs. Hickenbottom,

[1]Reported in 290 Pac. 822.

and their marital community, upon a promissory note which, upon its face, purports to have been executed by Mr. Hickenbottom alone. A trial in that court, sitting without a jury, resulted in a judgment denying to the plaintiff recovery against Mrs. Hickenbottom and the marital community. From this judgment the plaintiff has appealed to this court. The record before us is silent as to what disposition of the case was made as to Mr. Hickenbottom.

On March 20, 1929, appellant Curtis commenced this action, alleging in his complaint, so far as need be here noticed, as follows:

"Plaintiff for cause of action alleges:

"(I) That plaintiff is a resident of King county, Washington.

"(II) That defendants are residents of King county, Washington.

"(III) That on or about the 18th day of January, 1923, defendants acting by and through C. E. Hickenbottom, defendant, made, executed and delivered to P. H. Campbell, their certain promissory note of that date in which and whereby they promised and agreed to pay to the said P. H. Campbell one year after date the sum of $140.20 with interest thereon at the rate of 10 per cent per annum from date and agreed to pay a reasonable amount as attorney's fees. That said note is in words and figures as follows, to-wit:

"Helena, Montana, Jan. 18, 1923.

"One year after date I promise to pay to the order of P. H. Campbell, Helena, Montana, One Hundred Forty and 20/100 Dollars ($140.20) value received, with interest at the rate of 10 per cent per annum from date until paid. The makers and endorsers and guarantors hereof agree to pay a reasonable attorney's fee if this note is not paid at maturity and is placed in the hands of an attorney for collection and hereby severally waive demand, protest and notice of non-payment, and agree that in event of insolvency of either makers or endorsers or guarantors hereof, or the institution of suit or attachment against them, or either of them, or the

mortgaging of any property by the makers or endorsers or guarantors hereof, this note may be declared to be immediately due and payable. (Signed) C. E. Hickenbottom.

"(IV) That no part of the note has been paid and the whole thereof is now past due, owing and unpaid from defendants herein."

There follow allegations of the amount due upon the note, of the amount of reasonable attorney's fees claimed, and of the assignment of the note from Campbell to appellant. On March 28, 1929, Mrs. Hickenbottom, appearing for herself and the marital community, answered the complaint by general denials, "and specially denies that she or any person acting in her behalf executed the note," and set up an affirmative defense, so far as need be here noticed, as follows:

"That the defendants herein are husband and wife. That if the note mentioned in plaintiff's complaint was executed at all it was executed by the defendant C. E. Hickenbottom in the state of Montana for an obligation incurred by him in said state; that said state of Montana is not a community property state, and marital communities do not exist therein. That at the time of the alleged execution of said note, defendants were residents of said state."

On June 25, 1929, there were duly presented to the court appellant's demurrer to Mrs. Hickenbottom's affirmative defense and appellant's motion for judgment upon the pleadings, both of which were then by the court overruled. On June 26, 1929, appellant replied to Mrs. Hickenbottom's affirmative defense, admitting the portion thereof above quoted. On October 2, 1929, final judgment was entered by the court, reading as follows:

"This cause coming on regularly for trial in open court on this 2nd day of October, 1929, and the plaintiff

having failed to prove any liability or cause of action against the defendant Mrs. C. E. Hickenbottom or the community composed of said defendant and her husband; and the court being fully advised in the premises,

"It is therefore, ordered, adjudged and decreed, that the above entitled cause be and the same is hereby dismissed with prejudice as to the defendant Mrs. C. E. Hickenbottom and the community composed of her and her husband, and that Mrs. C. E. Hickenbottom be and she is hereby given judgment against the plaintiff, W. E. Curtis, for nineteen dollars ($19) costs herein."

These are all the facts material to our present inquiry, appearing in the record before us. There has not been brought here any statement of facts or bill of exceptions informing us as to what evidence was introduced or as to what occurred in the trial of the case.

The argument here made in behalf of appellant appears to us to be rested upon the theory that notwithstanding it is admitted in the pleadings that "Montana is not a community property state and marital communities do not exist therein," as in this state, the community consisting of Mr. and Mrs. Hickenbottom cannot escape liability upon this note signed by Mr. Hickenbottom alone, except by affirmatively pleading and proving some law of Montana affirmatively so showing; counsel for appellant relying upon the decision of this court in *Clark v. Eltinge,* 34 Wash. 323, 75 Pac. 866, decided in 1904.

A critical reading of that decision, we think, shows that the Montana statute there pleaded and relied upon by Mrs. Eltinge to escape joint liability with her husband upon the note in question, signed by him alone, was a statute which, in effect, gave rise to the presumption, under the facts there shown, that she was jointly liable with her husband for the debt evidenced by the note. It appeared in that case, as it does in this, that

there was no marital community property ownership or debt liability in Montana as in this state.

We do not have before us in this case, by pleading or proof, any Montana statute; but we do have before us the fact that the obligation arose in Montana while Mr. and Mrs. Hickenbottom were residents of that state, and the fact that there is no community property ownership or debt liability in Montana as in this state. It seems to us that when we have our community law liability presumption removed from our inquiry, as it is by the admitted non-existence of such liability under the law of Montana, we then have an obligation presumably of the husband alone, since it is so evidenced only by a note signed by him alone.

This, we think, differentiates this case from *Clark v. Eltinge,* where a Montana statute was affirmatively pleaded and relied upon to avoid joint liability of Mrs. Eltinge with her husband for the debt evidenced by the note there in question, which statute, as we read its treatment by the court in that case, gave rise to the presumption of joint liability against her with her husband, under the proof in that case.

We are of the opinion that the record before us fails to evidence any obligation other than the separate indebtedness of Mr. Hickenbottom. It has become the settled law of this state that a separate debt of the husband is not an obligation against, or chargeable upon the property of, the community of which he is a member. *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634; *Huyvaerts v. Roedtz,* 105 Wash. 657, 178 Pac. 801. Of course, the husband's separate debt is not chargeable against the wife or her separate property.

We have not overlooked the allegation of the complaint that "defendants acting by and through C. E. Hickenbottom, defendant, made, executed and delivered" the note in question, and the possibility that

there was by such execution of the note created a joint and several liability of Mr. and Mrs. Hickenbottom apart from their marriage relation. However, this allegation of the complaint was denied by the answer, and, as we have noticed, we do not have here any statement of facts or bill of exceptions advising us as to what the proof was, if any, upon that issue. We might add that, since we do not have here any statement of facts or bill of exceptions informing us as to what evidence was introduced upon the trial or as to what occurred there, this alone, it might well be argued, would stand in the way of our reversing the judgment, in view of the presumption of its correctness as finally rendered. However, that suggests an inquiry not presented by the briefs or argument of counsel.

We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., MILLARD, TOLMAN, and BEALS, JJ., concur.