[No. 28978.   Department Two.   March 24, 1943.]

HELEN F. SMYSER et al., *Appellants,* v. VELMA A. SMYSER et al., *Respondents,* SMYSER DISPLAY SERVICE, INC., *Intervener.*[1]

[1]Reported in 135 P. (2d) 455.

302

*Tyre H. Hollander* and *Frederick S. Henricksen,* for appellants.

*Scott, Langhorne & McGavick,* for respondents.

JEFFERS, J.—This action was brought by Helen F. Smyser and Bert A. Smyser, her husband, against Velma A. Smyser, former wife of Bert A. Smyser, and John C. Bjorklund, as sheriff of Pierce county, Washington, to permanently enjoin defendants from selling certain real property alleged to be the community property of plaintiffs, and asking that title to the property be quieted in plaintiffs.

The amended complaint, in so far as material to a consideration of the questions raised, alleged that plaintiffs are husband and wife, having been married June 5, 1940, since which time they have resided in Tacoma, Washington; that defendant Velma A. Smyser is the former wife of Bert Smyser, they having been divorced and the final decree entered in the superior court for Pierce county on May 10, 1940.

It is also alleged that Velma Smyser resides in Pierce county, and that John C. Bjorklund is sheriff of Pierce county; that, on June 17, 1942, in an action entitled "Velma A. Smyser v. Bert A. Smyser," being cause No. 85898 of the superior court for Pierce county, Velma Smyser obtained a judgment against Bert Smyser, separately and individually, in the sum of $5,888.12,

together with costs; that Helen Smyser (Bert Smyser's present wife) was not a party to that action, and the judgment procured therein was not secured on account of a community obligation of Helen Smyser and Bert Smyser.

It is further alleged that Velma Smyser was not a creditor of the community composed of Helen and Bert Smyser, nor was she a creditor of Helen Smyser; that Bert Smyser has appealed from the judgment in that action, which appeal is now pending in the supreme court.

It is also alleged that, on December 23, 1940, plaintiffs entered into a community property agreement, whereby it was mutually agreed that every piece, parcel, lot, and tract of land, jointly owned or separately owned by either of the parties, whether situated in Tacoma or elsewhere in the state of Washington, and each and every part of the personal property, whether owned jointly or separately by either of the parties, together with each and every particle or parcel of mixed property, wheresoever situated, should be by the parties to the agreement and all other persons, deemed, regarded, treated, and known as community property. This agreement was recorded in the office of the auditor of Pierce county, in volume 694 of deeds, at page 314. (A copy of the agreement is set out in the amended complaint, and shows it to have been signed and acknowledged by plaintiffs on December 23, 1940.)

It is further alleged that, on the date of the recovery of the judgment of June 17, 1942, the following described real property located in Pierce county was the community property of plaintiffs herein: Lot 19, block 3, as the same is now designated upon a certain plat entitled "Smith and Fife's addition to New Tacoma." Then follow certain allegations to the effect that the real property thereinafter described belonged to Smy-

ser Display Service, Inc., a corporation, in which property Velma Smyser had no interest. We are not concerned in this appeal with the Smyser Display Service, Inc., or the property claimed to be owned by it, as the complaint in intervention of that company was not dismissed and the issues between it and Velma A. Smyser are still pending.

The amended complaint further alleged that, on July 20, 1942, Velma Smyser caused a writ of execution to issue out of cause No. 85898, on account of the judgment against Bert Smyser individually, which execution was placed in the hands of the sheriff of Pierce county for execution, on the theory that the real property hereinbefore described was the separate property of Bert Smyser; that John C. Bjorklund, as sheriff of Pierce county, levied upon the property, and advertised the same for sale at public auction on August 22, 1942; that, before the sale was had, the court entered a temporary restraining order, restraining and enjoining the defendants from selling the property during the pendency of this action.

Then follow some general allegations to the effect that the real property above described is not subject to sale in satisfaction of the separate judgment against Bert Smyser; that the tract is community property of plaintiffs, and, unless defendants are permanently enjoined from selling the property, plaintiffs will be irreparably injured; that plaintiffs are of the opinion and belief that Velma Smyser is financially irresponsible and cannot respond in damages, in case of the sale of the property.

Defendants interposed a demurrer to the amended complaint, which was by the court sustained, for the reason that the amended complaint failed to allege facts sufficient to state a cause of action. Plaintiffs having elected to stand on their complaint, and having refused

to further plead, the court, on November 5, 1942, entered an order of dismissal, with prejudice. Plaintiffs have appealed from this order, and base error upon the sustaining of defendants' demurrer to the amended complaint, and the dismissal of the action.

Appellants contend that their amended complaint states a good cause of action.

Counsel for appellants argue that, as against a general demurrer, a complaint is good if it states any cause of action, citing *Hughes v. McVay*, 113 Wash. 333, 194 Pac. 565, 14 A.L.R. 681; that a demurrer admits all facts well pleaded, citing *Heisey v. Port of Tacoma*, 4 Wn. (2d) 76, 102 P. (2d) 258, and other cases; that a demurrer not only admits the truth of facts well pleaded, but also admits all intendments and inferences which may fairly and reasonably be drawn from the allegations of the pleadings. *Moen v. Zurich General Accident etc. Co.*, 3 Wn. (2d) 347, 101 P. (2d) 323; *Malloy v. Benway*, 34 Wash. 315, 75 Pac. 869.

It is true, as contended by appellants, that it has become the settled law of this state that a separate debt of the husband is not an obligation against, or chargeable upon, the property of the community of which he is a member. *Curtis v. Hickenbottom*, 158 Wash. 198, 290 Pac. 822. And it is equally true that the husband's separate debt is not chargeable against the wife or her separate property. *Curtis v. Hickenbottom, supra.*

Respondents admit the above statements of the law to be correct, and admit that the case of *Volz v. Zang*, 113 Wash. 378, 194 Pac. 409, is conclusive authority sustaining the rights of spouses to make property agreements between themselves, but respondents contend that, in the cited case, the rights of no creditors were involved. Respondents then state, on page 7 of their brief:

"In the case of *Lanigan v. Miles*, 102 Wash. 82, 172 Pac. 894, *supra*, this court took occasion to review its previous decisions on this question and observed, in conclusion: 'that such agreements will not affect the right of creditors existent at the time of the agreement, or subsequent creditors where the parties continue to live together.' This statement is the law of this case. Appellants' complaint falls far short of meeting this rule."

Respondents continue their argument:

"Does appellants' amended complaint allege respondent Velma A. Smyser to be a subsequent creditor? Paragraph III alleges that this respondent obtained a judgment against appellant Bert A. Smyser in the superior court of Pierce county on June 17, 1942—but this cannot be construed as an allegation that she was a subsequent creditor, that is, that the claim which was the basis of her judgment came into being after the alleged property agreement between appellants."

The trouble with the last statement made by respondents is that there is no challenge to the property agreement at this time. The demurrer admits the execution and recording of this instrument, and the status of the property affected by the agreement.

But, argue respondents, in addition to the argument hereinbefore set out, there is no allegation in the complaint that the property levied upon was that of the wife at the time the agreement was entered into, and no allegation that the property was acquired by appellants after their marriage, and, therefore, it is further argued, the complaint is insufficient to meet the requirements of the *Lanigan* case, *supra*.

It should be kept in mind that here we are passing only upon the sufficiency of the complaint as against a demurrer.

■ We stated in the case of *Proctor & Gamble Co. v. King County*, 9 Wn. (2d) 655, 115 P. (2d) 962, that

generally a plaintiff is required to allege only facts constituting, *prima facie*, a cause of action, and need not anticipate a negative defense; that allegations are not required of a plaintiff in anticipation of matters of defense, or to negative the existence of defensive matters. To the same effect is 1 Bancroft's Code Pleading 89, § 168.

We have read and carefully considered the case of *Lanigan v. Miles*, 102 Wash. 82, 172 Pac. 894, which respondents argue states the law of this case. The *Lanigan* case, like the others cited by respondents, was decided on the merits, after proof taken. It does not appear what the allegations of the complaint were in that case, nor in the case of *Marsh v. Fisher*, 69 Wash. 570, 125 Pac. 951, referred to in the *Lanigan* case, nor is there any intimation in either of those cases that it is necessary for one pleading a property agreement as the basis of his right, to allege facts anticipatory of defenses which may be made against such agreement by a creditor, either existent or subsequent. The rules announced in the *Lanigan* case were applied to the facts as established, upon issues raised by the pleadings, after proof had been taken.

We are satisfied that appellants, having alleged their marriage, the execution and recording of the community property agreement on December 23, 1940, and that the property levied upon to satisfy the judgment of June 17, 1942, was community property of appellants, were required to make no further allegations as against a demurrer to show the community character of the property levied upon. The allegations also sufficiently show that the judgment rendered against Bert Smyser on June 17, 1942, was his separate and individual obligation, and not an obligation of the community composed of appellants. It is also alleged that respondent Velma Smyser was not a

judgment creditor of the community composed of appellants, or of Helen Smyser, the wife member of the community. It is further alleged that Velma Smyser is seeking to sell the alleged community property to satisfy the separate judgment of Bert Smyser.

Considering and analyzing the allegations of the complaint under the liberal rules hereinbefore set out, we are satisfied that the amended complaint, as against a demurrer, alleges facts sufficient to entitle appellants to the relief demanded.

■ The statutes and our decisions expressly recognize the right of the spouses to make and enter into agreements such as here pleaded, and we find nothing in the statutes or the cases, not excepting the *Lanigan* case, *supra,* which even intimates but that such agreements are not only valid and binding on the spouses, but also valid and binding against the world, to establish the character of the property covered by the agreement, until such agreement is attacked by a creditor or some person claiming the agreement is not binding on him.

■ Under the facts well pleaded, and which we must accept as true, it does not appear that respondent Velma Smyser is in a position to question the validity of the property agreement or the fact that the property levied upon to satisfy her judgment was the community property of appellants.

We have been cited to no case (and we include in this statement the supplemental list of authorities furnished by respondents), and we have found none, which has passed specifically on the questions here raised. We have therefore very largely based our conclusions upon general principles. However, we call attention to the case of *Malloy v. Benway,* 34 Wash. 315, 75 Pac. 869, which we think also tends to support the conclusions reached herein.

We have noted the further contention of respondents that the complaint fails to allege the date of recording of the property agreement. When considered in connection with the other allegations of the complaint, we are of the opinion the failure to allege the date of recording of this agreement is not so material to a statement of a cause of action as to warrant us in sustaining the demurrer.

It may be that respondent Velma Smyser, upon properly raising the issues by an answer to the complaint, will be able to show that she is entitled to have her judgment satisfied out of the property levied upon, regardless of the property agreement. But we are not at this time concerned with the issues thus raised, or the sufficiency of the proof introduced to support them.

The judgment of the trial court is reversed, with instruction to enter an order overruling the demurrer to the amended complaint.

SIMPSON, C. J., MILLARD, STEINERT, and BLAKE, JJ., concur.