<hr />

[No. 1514. Decided March 7, 1895.]

Marian E. La Selle *et al., Respondents,* v. J. H. Woolery *et al., Appellants.*

DEBTS INCURRED IN ANOTHER STATE — ENFORCEMENT AGAINST COMMUNITY PROPERTY.

*Semble,* that the presumption as to the liability of community property for the debts of the husband alone extends to those incurred outside of, as well as within, this state.

A debt incurred by a husband in another state in the prosecution of a business for the benefit and support of the family, which was enforceable against property acquired there by the joint labors of husband and wife, though such property might be there designated as the separate property of the husband, may be enforced in this state against the property of the community.

*Appeal from Superior Court, King County.*

*Shank & Smith,* for appellants.

*Remington & Reynolds,* for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—Appellant, William F. Collins, in a suit brought in King county against the respondent, William LaSelle, duly recovered judgment. To this action and judgment the respondent, Marian E. LaSelle, wife of said William LaSelle, was not a party. Execution issued on said judgment, which was placed in the hands

of J. H. Woolery, sheriff of King county, the other appellant. He made a levy upon a piece of real estate situated in King county, of which the paper title was in the name of said Marian E. LaSelle. This suit was then brought by the respondents, and thereby they sought to enjoin the sale of the property levied upon, and to have it decreed that such property was not subject to the lien of the judgment.

It was conceded that the property, though standing in the name of the wife, Marian E. LaSelle, was the community property of herself and her husband, William LaSelle. It was, therefore, under the rule established by numerous decisions of this court, subject to the lien of the judgment against the husband alone if the debt upon which such judgment was rendered was that of the community. It is equally well established by the adjudications of this court that such property was not subject to the lien of such judgment if the debt for which it was rendered was the separate debt of the husband. It must follow that the nature of the debt which was the foundation of the judgment is the material question to be determined upon this appeal. If it was that of the community, the sheriff should have been allowed to proceed to satisfy the judgment by a sale of the property. If it was the debt of the husband alone, the appellants were rightfully restrained from proceeding further against the property in question. The foundation of this judgment was one against the husband alone, made and entered in the State of Wisconsin, and the foundation of that one was a liability incurred by the husband to the appellant Collins in the prosecution of his business as a contractor and builder and proprietor of a sash and door factory, and was for materials sold to him to be used in the construction of houses and to supply his factory. At the time this

liability was incurred, and the judgment in Wisconsin
rendered, the respondents were living together as hus-
band and wife in the State of Wisconsin. Afterward
they removed from said state, and, from a time preced-
ing the date of the judgment rendered in King county,
had been living together as husband and wife in this
state. The pleadings on the part of the respective par-
ties enter with much detail into the circumstances sur-
rounding these transactions, and also set up such of the
statutes of Wisconsin as to the pleaders seemed neces-
sary to determine the law of that state upon the question
of the rights of the husband and wife to property there
acquired, and upon the question of its liability for
debts contracted by the husband alone.

Before entering upon a discussion of the rights of
the respective parties growing out of the law of Wis-
consin in relation to the liability of property for the
debts of the husband, it is necessary to say a word as
to a preliminary question. It has been held that, under
the laws of this state, a debt incurred by the husband
alone is *prima facie* a community debt, and for that
reason is enforceable against the community property,
unless it is made to appear by allegation and proof that
the transaction which gave rise to the liability had no
relation to any business of which the community would
have been entitled to the benefits. Is such presump-
tion confined to debts incurred in this state? There
can be little reason for so holding, for while it is true
that it will not be presumed that a debt incurred else-
where could be enforced against community property
as such, for the reason that in most of the other states
property of that kind is unknown, yet it is but reason-
able to presume that under the laws of any of the states
of this union the business of the husband, though it
may be in form for his own benefit, and relate only to

property of which he is the legal owner, is in reality for the benefit of himself and his wife as a family, and that a liability incurred on account thereof is one which affects the substantial interests of the wife as well as the husband. This being so, there would seem to be good reason for holding that the presumption as to the liability of community property for the debts of the husband alone should extend to those incurred outside of as well as within this state. If we should hold this to be the law, it would probably make it unnecessary for us to discuss any other question raised by the briefs, since we are. inclined to agree with the contention of the appellants that there is no sufficient allegation in the complaint to overcome the presumption in favor of the judgment. This question is, however, of such an important nature that it should only be decided in an action in which the rights of the parties can only be ascertained by its determination. We shall, therefore, make no further suggestion in relation thereto in this case.

The substantial question presented by the facts is as to the status of the debt which was the foundation of the judgment in Wisconsin in reference to the property of the husband or husband and wife situated in that state. It appears from the statutes set out in the answer that in that state there is no such thing as community property as understood here, nor is there any such thing as separate property of the husband as defined by our laws. The wife alone could own separate property, and the provisions in relation to its acquisition were substantially the same as in this state. All other property was that of the husband, whether it was acquired in such a manner as to make it under our laws his separate property or that of the community. And all of his property under the laws of that state could be subjected to the payment of debts incurred by

him alone.   It will be seen from these provisions that
a debt incurred by the husband could there be enforced
against all of the property acquired by the husband
and wife either before or after marriage excepting such
as under the laws of that state would be the separate
property of the wife.   This is substantially the result
of the laws of this state as interpreted by former de-
cisions of this court.

In our opinion the comity which one state owes to
another goes to the substance rather than the form of
things.   If a certain right is given in one state as to
property of a certain nature, comity would require
that those rights should be enforced in another state
as to property of the same nature though it might be
called by a different name.   In the State of Wisconsin
property which was acquired by the joint labors of the
husband and wife, though called the property of the
husband, was subject to the payment of debts incurred
by the husband in the prosecution of business for the
support of the family.   Property acquired in the same
manner in this state belongs to the community but is
subject to a liability incurred by the husband alone in
the prosecution of business for the same object.
Hence, under the rule above suggested, comity requires
that a debt which under the laws of that state could be
enforced against property which from the nature of its
acquisition would be that of the community in this state
should be here enforced against property belonging to
the community.

There is nothing in the policy of our legislation
which will prevent the application of the rule above
stated to the facts of this case.   On the contrary the
general policy of this state upon the question of the
liability of property of the community and of the re-
spective spouses for debts incurred by the husband

alone in the prosecution of any business is in substantially the same line as that of the state of Wisconsin. But whether it is or not, so long as the rights of the parties are adjudicated under the laws of this state, its citizens have no ground of complaint, whatever may be the result as to those of other states. And since what we have said has been founded upon our statute, and the rights adjudicated thereunder have been in the light of the facts shown by the record, the respondents cannot complain.

The judgment will be reversed, and the cause remanded with instructions to overrule the demurrer to the affirmative defenses pleaded in the amended answer.

DUNBAR, SCOTT and GORDON, JJ., concur.