[No. 1514.  Decided February 24, 1896.]

MARIAN E. LA SELLE AND WILLIAM LA SELLE, *Respondents*, v. J. H. WOOLERY, *Sheriff, et al., Appellants.*

CONFLICT OF LAWS — INDIVIDUAL DEBT CONTRACTED IN ANOTHER
    STATE — ENFORCEMENT AGAINST COMMUNITY PROPERTY.

A judgment rendered in this state upon a debt created in the
State of Wisconsin, which, by the laws of that state, was the separate individual debt of the husband, and enforcible only against his
separate property, cannot be satisfied out of community real property acquired by husband and wife in this state long after the debt
arose. (*La Selle v. Woolery*, 11 Wash. 337, overruled).

The law of the place where the contract was made must govern
in determining the character, construction and validity of such contract; while the law of the place where suit is instituted upon the
contract governs as to the nature, extent and form of the remedy.

Appeal from Superior Court, King County.—Hon.
J. W. LANGLEY, Judge.    Affirmed.

*Shank & Smith,* for appellants.

*Remington & Reynolds,* for respondents.

The opinion of the court was delivered by

GORDON, J.—This cause was heard and decided by
this court at the January term, 1895.  (11 Wash. 337,
39 Pac. 663).   Respondents' petition for re-hearing
having been allowed and the cause re-argued, a majority of the court are of the opinion that a wrong
conclusion was reached at the former hearing.

The case is fully stated in the former opinion, in
the course of which opinion the court said:

"If a certain right is given in one state as to property of a certain nature, comity would require that
those rights should be enforced in another state as to
property of the same nature."

Upon further consideration, we think that this is extending the doctrine of comity too far. While comity might require that rights so acquired, against personal property merely, should be enforced in this state as against such property (*Harrison v. Sterry*, 5 Cranch, 289; Wharton, Conflict of Laws, § 324), we do not think it ought to be extended to property subsequently acquired in this state, although of the "*same nature*," and this principle is wholly inapplicable to real property. The law of the place where the real property is situated must be held to control its disposition, whether by voluntary or forced sale. *McCormick v. Sullivant*, 10 Wheat. 192.

Upon this subject no less a writer than Story has said:

"All the authorities in both countries [England and America], so far as they go, recognize the principle in its fullest import, that real estate, or immovable property, is exclusively subject to the laws of the government within whose territory it is situate." Story, Conflict of Laws, § 428.

"Any *title* or *interest* in land or in other real estate can only be acquired or lost agreeably to the law of the place where the same is situate." Id. § 365.

The character of the property, as regards the question of its being the separate property of either of the spouses, or the property of the community consisting of both spouses or otherwise, is fixed by the law of the state where such property, if real property, is situated. So, too, the character of the debt is determined by the law of the place where it arose. If by the law of Wisconsin it was the sole individual debt of the husband, it retained that character here. Its status was fixed by the law of the place of its creation. The debt which the appellants are here seeking to en-

force, being by the law of Wisconsin where it arose merely the separate individual debt of the husband, enforcible only against his separate individual property, it follows that the judgment rendered upon that debt cannot be satisfied out of the real property of the community acquired in this state long after the debt arose and judgment was rendered upon it.

The doctrine of the common law is that:

"In regard to the merits and rights involved in actions, the law of the place where they originated is to govern. . . . But the *form of remedies and the order of judicial proceedings* are to be according to the *law of the place where the action is instituted, without any regard to the* domicil of the parties, the *origin of the right, or the country of the act.*" Story, Conflict of Laws (8th ed.), § 558.

The settled rule is that the law of the place where the contract was made must govern in determining the character, construction and validity of such contract; while the law of the place where suit is instituted upon the contract governs as to "the nature, extent and form of the remedy, . . . whether arrest of the person or attachment of the property may be allowed; whether a debt is or is not discharged by operation of law, as insolvent laws, or barred by statutes of limitation; rights of set-off; the admissibility and effect of evidence; the modes of proceeding and the *forms* of judgment and execution." 2 Abbott's Law Dictionary, p. 36.

In the case of *Blanchard v. Russell*, 13 Mass. 1 (7 Am. Dec. 106), the supreme court of Massachusetts, speaking by Chief Justice PARKER, say:

"But the courtesy, comity or mutual convenience of nations, among which commerce has introduced so great an intercourse, has sanctioned the admission and operation of foreign laws relative to contracts; so

that it is now a principle generally received, that contracts are to be construed and interpreted according to the laws of the state in which they are made, unless from their tenor it is perceived that they were entered into with a view to the laws of some other state. . . . *The rule does not apply, however, to the process by which a creditor shall attempt to enforce his demand in the courts of a state other than that in which the contract was made.* For the remedy must be pursuant to the laws of the state where it is sought; otherwise great irregularity and confusion would be introduced into the form of judicial proceedings."

The rule has long been established in this court that the community real property is not liable for the separate or individual debt of the husband. *Brotton v. Langert,* 1 Wash. 73 (23 Pac. 688); *Stockand v. Bartlett,* 4 Wash. 730 (31 Pac. 24). And it would be productive merely of confusion and disorder to limit the application of this rule to those debts only which are contracted within this state.

One result of such limitation would be that the court would be required in every case to resort to the law of the state where the debt arose in order to determine what property in that state would be liable for such debt, and then to permit such judgment creditor to have his judgment satisfied out of like property of the judgment debtor in this state, without regard to our own law upon the subject. And it would follow logically from such a rule that property of a judgment debtor which is by our law exempt from levy and sale on execution could be subjected to the payment of a judgment for a debt incurred in some sister state where the exemption laws were different from our own. All these questions relate to the character and extent of the *remedy,* and not to the construction or validity of the contract, and they are governed and

controlled by the *lex fori*, and not by the *lex loci contractus;* and to avoid interminable confusion the distinction must be observed.

For these reasons the order and judgment of the superior court will be affirmed.

Scott, Dunbar and Anders, JJ., concur.

Hoyt, C. J. (*dissenting*). The results which will flow from the rule announced in the foregoing opinion are such as to satisfy me that it cannot be the one required by comity. A husband residing in a sister state, possessed of ever so much property which, though the title is vested in him, is held for the benefit of himself and wife, and would from the manner of its acquisition be here held to be community property, and was there subject to debts for the benefit of the family, which would here be held to be community debts, can escape the payment of all the debts which may have been contracted on the faith of the property which he owned by converting such property into cash and removing to this state and investing it in real estate. That the laws of one state should be so construed as to allow a debtor in another, possessed of abundant means with which to pay all of his creditors, to evade the payment of just debts in this way, does not correspond with my ideas of comity. In my opinion the conclusion reached upon the former hearing was the correct one and should be adhered to.