[No. 3945.  Decided July 26, 1902.]

WILLIAM A. CLARK et al., Appellants, v. CHARLES S.
ELTINGE et ux., Respondents.

APPEAL — NOTICE IN CASE OF SEVERAL JUDGMENTS.

The fact that a judgment consists of several parts, in that
it makes separate awards in favor of several defendants, would
not require plaintiff to give distinct notices of appeal from the
several judgments rendered.

INTEREST — PRESUMPTION AS TO LEGALITY.

Refusal to permit plaintiffs to prove the statute of Montana
showing the rate of interest allowable on contracts was not
error, when the rate contracted for was lawful under the laws of
this state, and therefore presumptively lawful under the laws of
the place where made; and the fact that they had alleged the
lawfulness of the rate under the laws of Montana, which had
been answered by a general denial, would not raise a material
issue which it would be incumbent upon plaintiffs to sustain by
proof.

ACTION ON NOTE — DEFENSES.

In an action to recover a balance due upon a promissory note,
after the foreclosure in another state of the mortgage securing
it, it was error for the court to withdraw the case from the jury
because of plaintiffs' failure to show that the property had been
disposed of in a lawful manner and the proceeds duly applied
upon the note, since the questions of whether the note had
been paid in whole or in part, or whether there were other legal
reasons why the plaintiffs should not recover, where matters of
defense.

SAME — WIFE AS PARTY.

In an action upon a promissory note executed by the husband
alone the wife is a proper party, for the purpose of determin-
ing whether the judgment should be enforcible against com-
munity property.

SAME — WHEN PRESUMED TO BE COMMUNITY DEBT.

In an action in this state upon a promissory note executed
in the state of Montana by the husband alone, for money bor-
rowed for the purpose of buying a lot and erecting a house there-
on which was used by his family as a home, the debt will be pre-

sumed to be a community debt, in the absence of proof of the Montana law showing the contrary, and judgment thereon may be enforced against the community property of defendants in this state.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*Roote & Clark* and *B. C. Mosby,* for appellants.

*Stoll & Macdonald,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This is an action upon a promissory note. In their complaint the appellants alleged, in substance, that the respondents were at all the times named in the complaint husband and wife; that on the 2d day of January, 1889, the respondent Charles S. Eltinge, in the city of Butte, in the then territory of Montana, made and delivered to the firm of Clark & Larabie the note in suit, whereby he promised to pay to that firm $4,270, twelve months after date, with interest at the rate of eight per centum per annum from date until paid; that at the time of the execution and delivery of the note it was allowable, under the laws of Montana, for the contracting parties to agree upon the payment of any rate of interest whatsoever; that the note had been subsequently duly assigned to the appellants, who are now the owners thereof; that the consideration for the note was used for the joint benefit of both the respondents; that the respondents, at the time and place of the execution of the note, and in order to secure the payment thereof, executed and delivered to the payees named therein a mortgage upon certain real property situated in the city of Butte, state of Montana, a copy of which is attached to the complaint; that the conditions of the mortgage were not performed,

and because thereof the appellants on or about the 19th day of November, 1898, began an action in the district court of the second judicial district of the state of Montana to foreclose the same; "that pursuant to the decree rendered on the 4th day of February, 1899, in said action of foreclosure, the mortgaged subject was duly sold on the 8th day of March, 1899," and the proceeds of the sale duly credited upon the note; that after deducting the amount so credited, and other payments made thereon, there was a balance due of $1,688.88, for which sum judgment is demanded against the respondents, to be satisfied out of their community property.

The respondents appeared jointly, first demanding a bond for costs, and afterwards moving that certain parts of the complaint be made more definite and certain, and that certain other parts be stricken, as frivolous, irrelevant, and immaterial. On the disposition of the motions, they demurred severally on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were overruled, whereupon they answered separately; the answer of Josephine Eltinge being an admission of her relationship to her co-respondent, the execution and delivery of the mortgage, and a general denial of the other allegations of the complaint. The other respondent answered, admitting his relationship to his co-respondent, the execution and delivery of the note and mortgage, and denying generally all other allegations of the complaint. He also answered by an affirmative plea, in which he alleged that the mortgaged property had been turned over to the appellants on March 1, 1892, with the understanding that he should receive a credit upon the note sued upon for the use and occupation of the property, which use and occupation he alleged to be of the value of $35 per month,—a total of $1,680,—and that no part of

the same had been credited on the note or paid to him, "by reason whereof said note and mortgage are fully paid." A reply was filed to the affirmative defense, in which it was admitted that the respondents had authorized the appellants to collect the rents of the mortgaged premises, and apply the same, less the necessary costs for repairs, taxes, and premiums on insurance, upon the note; averring that this had been done, and due credit given therefor in the allegations of payment set out in the complaint.

The trial was had before the court and a jury. The appellants first offered in evidence a certain section of the statutes of Montana in force at the time of the execution of the note. The offer was objected to and sustained for the reason that the section of the statutes offered had not been set out in the complaint. They next introduced the deposition of the appellant Clark. He identified a certain note as being the note in suit, and testified that it had been duly assigned by the payees named therein to the appellants; that certain payments, enumerating them, had been made thereon, but nothing more; testifying further, that the respondent Charles S. Eltinge had given the appellants an order to collect the rents from the mortgaged premises, pay taxes, insurance, and make whatever repairs were necessary, and credit the remainder of such rents upon the note, and that certain of the payments so credited had been derived through that source. He also testified that Mr. Eltinge was in the employ of the appellants at the time the note was executed, and that they advanced him the money to buy a lot and build a house; that the money was credited to his account at the time, and afterwards used by him for that purpose; and that Eltinge, with his family, resided for some time in the house so erected, being the property mortgaged to

secure the note. There was also attached to his deposition a statement of the account, to the correctness of which he testified, showing in detail the several sums collected as rents of the premises, the amount of taxes, costs for repairs, and insurance, and the balances to be credited upon the note. The appellants then offered a duly certified copy of the decree of the district court of Montana entered in the foreclosure suit brought upon the mortgage given to secure the note; saying that they purposed following it with the order of sale and return of the sheriff thereunder, for the purpose of showing that the proceeds of the sale of the mortgaged property had been duly credited upon the note. This evidence was rejected by the court, on the objection of the respondents, for the reason, as stated by the court, that payment was a defense, and, if the respondents claimed more credit than they had received, the burden was upon them to show it. The appellants then rested, whereupon the respondents interposed a challenge to the sufficiency of the evidence to justify a verdict. This challenge was, after argument, sustained. A separate judgment was thereupon entered in favor of each of the respondents, from which this appeal is taken.

The respondents move to dismiss the appeal for the reason that but one notice of appeal was given. It is argued that, inasmuch as there was a separate judgment in favor of each defendant, that two distinct notices of appeal were necessary, each specifying the particular judgment from which the appeal is taken. We think, however, that the objection is not well taken. Two distinct appeals could not have been taken and prosecuted by the appellants from the several judgments rendered. So far as the appellants are concerned, there was but one final judgment, and but one notice of appeal was necessary,

although that judgment may have consisted of several parts.

The appellants assign error upon the refusal of the court to permit them to introduce the section of the statute of Montana. While the record does not disclose it, it appears from the briefs that the purpose of this was to show that the rate of interest contracted for in the note was not usurious under the laws of Montana at the time the contract was made. But this evidence was rightfully rejected, if not for the reason assigned by the court, on the ground of its immateriality. The rate of interest was not usurious under the laws of this state in force when the contract was made, or under those in force when the action was instituted. Contracts to pay interest, if lawful under the laws of the state where the contract is sought to be enforced, are presumed to be lawful under the laws of the place where made; and it was not incumbent upon the appellants, in order for them to recover, either to allege or prove that the specific rate provided for in the note complained upon in this action was not usurious under the laws of Montana. Nor did they take such a burden upon themselves by the general allegation in the complaint to the effect that under the laws of Montana it was lawful for parties to contract for the payment of any rate of interest, although a general denial thereof was made in the answer. It is only the material allegations of the complaint that are put in issue by a general denial.

The judgments in favor of the respondents seem to have been based by the trial court upon the ground that the real property mortgaged had been turned over to the appellants in trust, for the purpose of being disposed of by them in satisfaction of the amount due upon the note; the court holding the appellants could not recover for any alleged balance due thereon until they had first shown

that the property had been disposed of in a lawful manner, and the proceeds thereof duly applied upon the note, and that it was not a sufficient showing of disposition of the property for the parties to introduce a decree of a court of the place where the property was situated, and the proceedings had thereunder, but that they must go further, and allege and prove not only the record of the court entering the decree, but sufficient of the law of the place to show that such court had jurisdiction of the subject-matter of the suit, and of the thing over which it sought to adjudicate. But whether the conclusions of law drawn by the court would be correct, upon the state of facts which it finds to exist, we shall not stop to inquire, as we are unable to find anything in the record which sustains such a state of facts. While the complaint contains much immaterial matter, it is plain that the purpose and the sole purpose of the allegations concerning the mortgage is to show the source of certain of the credits given upon the note. It falls far short of alleging that the appellant had received the mortgaged property in trust to be disposed of in satisfaction of the mortgage debt. Nor does the reply contain or admit such an allegation. It is there admitted that the appellants had authority, under a contract with one of the respondents, to collect and apply the rents of the premises upon the mortgage debt, but this is not an admission that they had authority to dispose of the fee of the mortgaged property for that purpose. And this is in accord with the proofs. The witness for the appellants testifies that the appellants had a contract to collect rents only, and denies that they had authority to make disposition of the property, other than what was conferred by the mortgage itself. The trust, therefore, if one existed, would apply to the rents only; and if it be conceded that the appellants must

account for these, as a prerequisite to their right to recover a balance due upon the note, they have so accounted. The action itself was a simple one. In order to put the respondents upon the defense, it was enough for the appellants to allege and prove the making and delivery of the note, their ownership of it, the fact that the respondents were husband and wife, and that the debt was a community debt under the laws of this state. Whether the note had been paid, in whole or in part, or whether there were other legal reasons why the appellants could not recover, were matters of defense, which the respondents must allege and prove in order to avail themselves of them. It did not devolve upon the appellants to negative such defenses in advance of their assertion. As to the defendant Charles S. Eltinge, therefore, we are of the opinion that the court erred in taking the case from the jury.

As to the respondent Josephine D. Eltinge an additional question is suggested. Although she did not join in the execution of the note, she was made a party defendant for the purpose of having the status of the judgment, should one be obtained, determined; that is to say, for the purpose of having it determined whether the judgment could be executed as a judgment for a community debt, or whether it could only be executed as a judgment for the separate debt of the husband. For this purpose she was a proper party. *McDonough v. Craig,* 10 Wash. 239 (38 Pac. 1034); *Gund v. Parke,* 15 Wash. 393 (46 Pac. 408). The question, then, is, did the proofs make a *prima facie* case against her? It was shown that the consideration for the note was money borrowed and used for the purpose of buying a lot, and erecting a house thereon for the respondents and their family, and that the house, when erected, was so actually used by

them. Had the transaction occurred in this state, the debt, unquestionably, would have been a community debt. As, however, the transaction occurred in Montana, the nature of the debt, whether it be the community debt of the husband and wife, or the separate debt of the husband, must be determined, under the rule of the case of *La Selle v. Woolery,* 14 Wash. 70 (44 Pac. 115, 53 Am. St. Rep. 855), by the laws of Montana. But these laws are not before us. We must therefore presume them to be the same as our own. As this rule applies to the statute law of the state, as well as to the common law, it follows that the debt sued upon is a community debt, and that a judgment obtained thereon can be enforced against the community property of the respondents in this state.

The respondents have cited the case of *Yeaton v. Eagle Oil & Refining Co.,* 4 Wash. 183 (29 Pac. 1051), as maintaining the rule that there is no presumption that the statute law of a sister state is the same as the statute law of our own state. In the main opinion in that case such a rule was announced, but on rehearing the court withdrew what it had said upon the question, and left it open for the future determination of the court. The question was afterwards met and determined in consonance with what is said here in the late case of *Gunderson v. Gunderson,* 25 Wash. 459 (65 Pac. 791). Nor is this case inconsistent with the case of *La Selle v. Woolery, supra.* In that case, as will be observed by a reference to the former opinion (*La Selle v. Woolery,* 11 Wash. 337, 39 Pac. 663, 32 L. R. A. 73) the laws of Wisconsin upon which the decision is based were set out in the pleadings.

The judgments appealed from are reversed, and the cause remanded for a new trial.

REAVIS, C. J., and HADLEY, WHITE, ANDERS and MOUNT, JJ., concur.