[No. 5482. Decided April 18, 1905.]

WILLIAM CLARK et al., Appellants, v. CHARLES S.
ELTINGE et al., Respondents.[1]

MORTGAGES—REDEMPTION—POSSESSION OF PROPERTY DURING
PERIOD OF REDEMPTION—WHAT LAW GOVERNS. A purchaser at a
mortgage foreclosure sale is entitled to the possession of the
premises during the period of redemption, where the law at
the time of the execution of the mortgage, and at the time of
the foreclosure, so provided, although prior to the foreclosure, a
statute, Laws 1897, p. 227, was in existence for a period of two
years, allowing the judgment debtor such possession.

CONFLICT OF LAWS—HUSBAND AND WIFE—LIABILITY OF WIFE ON
FOREIGN DEBT OF HUSBAND. Whether a wife is personally liable
on a note executed by the husband while domiciled in another
state, depends upon the laws of that state at the time the debt
was incurred, and such laws, in the absence of proof, are pre-
sumed to be the same as the laws of this state.

SAME—STATUTES—CONSTRUCTION OF FOREIGN LAW—EVIDENCE—
OPINION OF LAWYER—COMPETENCY. The testimony of a lawyer
of experience in the practice of a foreign state giving the "con-
sensus of opinion of the bench and bar" of that state as to the
meaning of a foreign statute, is inadmissible to show the proper
construction of the statute, where the text of the statute is
before the court; since, in the absence of construction by the
courts of the foreign state, it is the duty of the courts of this
state to interpret and construe the statute according to the
rules applicable to the construction of domestic statutes.

SAME—FOREIGN JUDGMENT—CONCLUSIVENESS—AUTHENTICATION
QUESTION FOR COURT. A decree of foreclosure of a mortgage, fair
and regular on its face, rendered by a court of general juris-
diction in a sister state upon a summons by publication, is con-
clusive as to the fact of foreclosure, where the trial judge de-
termined that the record showing such foreclosure was properly
authenticated, since that is a question for the court and not for
the jury, and full faith and credit must be accorded to the judg-
ments of other states.

SAME—EXEMPTIONS. If, by the laws of a foreign state, the
wife is rendered liable for a debt created by the husband while

[1]Reported in 80 Pac. 556.

domiciled in such state, the only exemptions to which she would be entitled upon removing to this state, in an action to subject her separate property to the payment of the debt, are those provided by the laws of this state.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered September 19, 1904, upon the verdict of a jury rendered in favor of the defendants by direction of the court, after a trial on the merits, dismissing an action on a promissory note. Reversed.

*B. C. Mosby,* for appellants.

*William T. Stoll* and *B. B. Adams,* for respondents.

Root, J.—In 1885, while respondents were residing as husband and wife, in the state of Montana, the husband borrowed from assignors of appellants the sum of $4,270, giving his promissory note therefor, secured by mortgage upon the property which he bought with the money, and used as a home for himself and wife. Subsequently they changed their residence to this state, and turned over the possession of the mortgaged property to appellants, who collected the rents, paid therefrom taxes and incidental expenses, and applied the balance as payment upon the note. In 1899, appellants foreclosed the mortgage, and applied the proceeds of the sale of the property upon the note. No deficiency judgment was taken, no personal service having been had upon respondents. Appellants brought the present action to recover the balance due upon said note. This case has been appealed here by these same appellants twice heretofore. 29 Wash. 215, 69 Pac. 736; 34 Wash. 323, 75 Pac. 866.

Some of the questions involved in the present appeal appear to have been decided in the former decisions, and we have no disposition to change the conclusions therein announced. In the trial from which the present appeal

was taken, there was a question as to how much of the rental of the premises should be credited upon the note. Appellants claimed that the property was turned over to them, and that they were to get such an amount of rentals as they could, and, after deducting the taxes and costs of necessary repairs and incidental expenses, apply the balance as credits upon the note. Respondents claimed that they were to be allowed a straight credit of $35 a month for the use of said premises. This issue was one of fact for the jury to determine upon the evidence. It is also contended by the appellants that the allowance of credit for rentals should be only for that period prior to the foreclosure of the mortgage. Respondents, however, claim, and the trial court held and instructed the jury, that they were entitled, also, to an allowance of credit of the rentals for the period of the one year of redemption following the date of the foreclosure. Said court based its ruling on the statute of 1897, p. 227, Laws of this state. We think the appellants' contention must be sustained. At the time this mortgage was foreclosed, the law of this state permitted the purchaser to enter into possession of the property immediately upon the confirmation of the sale upon foreclosure. Laws 1899, p. 92. At the time of the execution of the mortgage, the law was practically the same. 2 Hill's Code, § 519; *Debenture Corp. v. Warren,* 9 Wash. 312, 37 Pac. 451; *Hardy v. Herriott,* 11 Wash. 460, 39 Pac. 958; *Knipe v. Austin,* 13 Wash. 189, 43 Pac. 25, 44 Pac. 531; *Hagerman v. Heltzel,* 21 Wash. 444, 58 Pac. 580. During the period of two years, from 1897 to 1899, there was in existence a statute allowing the judgment debtor to have possession of property during the year of redemption (Laws 1897, p. 227); but we cannot see why that statute should apply here. The charge of the trial judge to the jury wherein he authorized

them to credit said year's rental upon the note was, therefore, erroneous.

The question of the wife's liability is again presented upon this appeal. As to whether or not she was liable in any way for this debt must depend upon the law of Montana, as it existed at the time the indebtedness was created. In the absence of a showing as to what the law of Montana was, regarding this matter, it must be presumed to have been the same as the law of this state. *Clarke v. Eltinge,* 29 Wash. 215, 69 Pac. 736; *Gunderson v. Gunderson,* 25 Wash. 459, 65 Pac. 791. It was held by this court, when state, this debt would be a community debt. As to this this case was here before, that, under the laws of the question of her separate property being liable for this obligation, under the statutes of that state, this court, in 34 Wash. 323, 75 Pac. 866, said:

"Whether that fact brings this debt within the classification of the husband's liabilities for which the wife's separate property is not exempt, we apprehend must depend upon the construction placed upon the statute by the courts of Montana, and resort must be had to such construction, as a fact, to determine the force of the statute when applied to the facts here."

In view of this holding, respondents, in the last trial, placed upon the witness stand an attorney of many years experience in the practice in the state of Montana, and sought to show by him "the consensus of opinion of the bench and bar of Montana as to the meaning of that section"—referring to a section of the Montana statutes relating to exemptions of a wife's property. We do not believe this is a proper method of ascertaining the construction to be placed upon the statutes of a sister state. Doubtless the general rule is that a person, learned in the law of a foreign state or country, may give evidence as to what the law of that state or country is. When the law in ques-

tion is a statute of a sister state, and the text of that statute is before the court (as it was in this case), the question of the construction·to be given to the language thereof should be determined by ascertaining, if possible, the construction given said statute by the highest court of that state. If this cannot be ascertained, it would be doubtless competent to show what the holdings of courts of general jurisdiction in that state were as to this law. If no proof as to the holding of any court of that state is produced, then it is the duty of the court where the trial is being had to interpret and construe the statute of said sister state according to the same rules that are applicable in the construction of a domestic statute. This we conceive to be the proper method, instead of attempting to prove by some lawyer his view of said statute, or his opinion as to what the consensus of the opinion of the bench and bar of said other state might be. In the case at bar, if the attorney in question had testified that the supreme court of Montana had construed the statute in question in a certain manner, or that said court had never passed upon said statute, but that some certain court or courts of general jurisdiction in said state had construed it in a certain manner, and that it had not been construed differently by other courts of that state, this perhaps would have been competent evidence. But the evidence, as given by this witness, was indefinite and uncertain, and purported to be principally his own opinion as to the meaning of the statute to which his·attention was called, and his conception of what the consensus of opinion of the bench and bar was touching the construction of said statutes.

Respondents contend that the foreclosure decree of the circuit court of Silver Bow county, Montana, is not, as to the fact of foreclosure, conclusive upon the court here, because that proceeding was commenced by service of summons by publication, and the record does not show that the

summons was published in the manner and for the length
of time required by the statutes of this state. The con-
stitution of the United States requires each state of the
Union to give full faith and credit to the judicial pro-
ceedings of every other state of the Union. It must,
therefore, be presumed that all of the requirements of the
statutes of Montana were taken before this judgment and
decree of foreclosure was rendered. Being in the nature
of a proceeding *in rem*, and no personal judgment being
sought or taken against the respondents themselves, the
court could properly acquire jurisdiction to render the de-
cree of foreclosure upon the property in that state without
having personal service upon the respondents. Service
by publication was sufficient; and the judgment being fair
and regular upon its face, it will be presumed to have been
made and entered pursuant to all the requirements of the
statutes of that state. Respondents' contention that the
question as to whether or not there had been a foreclosure of
the mortgage was for the jury, is incorrect. It was for the
trial judge to say whether or not the record of this decree
was properly authenticated to be received as evidence.
Having decided that it was, and the same having been
admitted, its effect was conclusive of the fact of fore-
closure, and that question no longer remained an open
issue in the case. Greenleaf, Evidence (14th ed.), § 502,
note 3, says:

"Where a domestic record is put in issue by the plea,
the question is tried by the court, notwithstanding it is a
question of fact. And the judgment of a court of record
of a sister state in the Union, is considered for this pur-
pose, as a domestic judgment."

Upon the question of the conclusiveness of the judg-
ment of the Montana court, see, *Galpin v. Page,* 85 U. S.
371, 21 L. Ed. 959; *Quarl v. Abbett,* 102 Ind. 233, 1 N.
E. 476, 52 Am. Rep. 662; 1 Freeman, Judgments (4th

ed.), pp. 190, 191, §§ 120a, 565; Brown, Jurisdiction, § 20a, note 1; *Evers v. Watson,* 156 U. S. 532, 15 Sup. Ct. 430, 39 L. Ed. 520; *Trowbridge v. Spinning,* 23 Wash. 48, 62 Pac. 125, 83 Am. St. 806, 54 L. R. A. 204; *Dormitzer v. German Sav. etc. Soc.,* 23 Wash. 132, 194, 62 Pac. 862; *Fidelity Ins. etc. Co. v. Nelson,* 30 Wash. 341, 70 Pac. 961; *Voorhees v. Bank,* 10 Peters 449, 9 L. Ed. 490.

As to the effect of a statute of exemptions, we may say that, if the obligation, when it was created, constituted a liability against the wife, then the only exemptions which she is entitled to are those provided by the statutes of the state where she resides and is sued. In the case of *La Selle v. Woolery,* 14 Wash. 70, 44 Pac. 115, 53 Am. St. 855, 32 L. R. A. 73, this court said:

"The settled rule is that the law of the place where the contract was made must govern in determining the character, construction and validity of such contract; while the law of the place where suit is instituted upon the contract governs as to 'the nature, extent and form of the remedy, . . . whether arrest of the person or attachment of the property may be allowed; whether a debt is or is not discharged by operation of law, as insolvent laws, or barred by statutes of limitation; rights of set-off; the admissibility and effect of evidence; the modes of proceeding and the forms of judgment and execution.' 2 Abbott's Law Dictionary, p. 36."

In the case of *Pritchard v. Norton,* 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104, the supreme court of the United States used the following language:

"The rule deduced by Mr. Wharton, in his Conflict of Laws [§ 401], as best harmonizing the authorities and effecting the most judicious result, and which was cited approvingly by Mr. Justice Hunt in *Scudder v. Union National Bank,* 91 U. S. 406, is, that 'obligations in respect to the mode of their solemnization are subject to the rule *locus regit actum;* in respect to

their interpretation, to the *lex loci contractus;* in respect to the mode of their performance, to the law of the place of their performance. But the *lex fori* determines when and how such laws, when foreign, are to be adopted, and, in all cases not specified above, supplies the applicatory law.' This, it will be observed, extends the operation of the *lex fori* beyond the process and remedy, so as to embrace the whole of that residuum which cannot be referred to other laws. And this conclusion is obviously just; for whatever cannot, from the nature of the case, be referred to any other law, must be determined by the tribunal having jurisdiction of the litigation, according to the law of its own locality."

In 22 Am. & Eng. Ency. Law (2d ed.), 1383, the author says: "The *lex fori* governs in all matters relating to the remedy and the course of procedure." In *Willard v. Wood*, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210, it was said:

"Assuming that the mortgagee has acquired by the law of New York a right to enforce such an agreement against a grantee of the mortgagor, the form of his remedy, whether it must be in covenant or in assumpsit, at law or in equity, is governed by the *lex fori,* the law of the District of Columbia, where the action was brought. *Dixon v. Ramsay,* 3 Cranch 319, 324; *United States Bank v. Donnally,* 8 Pet. 361; *Wilcox v. Hunt,* 13 Pet. 378; *Leroy v. Beard,* 8 How. 451; *Pritchard v. Norton,* 106 U. S. 124, 130, 133."

These authorities show that the liability of a person upon a note or other obligation is fixed and determined by the law of the place where such obligation is created, but that all matters appertaining to the enforcement of the remedy are controlled by the law of the forum.

For the reasons hereinbefore set forth, the judgment of the honorable superior court is reversed, and the cause remanded for further proceedings, not inconsistent with

this and the decisions heretofore rendered in this case by this court.

MOUNT, C. J., CROW, DUNBAR, and RUDKIN JJ.. concur.

HADLEY and FULLERTON, JJ., took no part.