[No. 38732.   En Banc.   March 24, 1967.]

PACIFIC STATES CUT STONE COMPANY, *Appellant,* v. ROY E. GOBLE *et al., Respondents.*\*

*Kenneth A. Cole* and *Richard C. Nelson,* for appellant.

\*Reported in 425 P.2d 631.

*Kenneth C. Hawkins,* for respondents Goble.

*Murray, Armstrong & Vander Stoep,* by *Grant Armstrong,* for respondents Wallace.

FINLEY, C. J.—The transaction with which we are here concerned involved the sale of some quarry machinery located near Madras, Oregon. The machinery was owned by the Pacific States Cut Stone Company, a Washington corporation and the plaintiff in this action. The purchasers were Roy E. Goble and J. F. Wallace, who with their respective wives were Washington residents. The Gobles and the Wallaces are the defendants in this action. A conditional sale contract was prepared in Oregon by the Oregon attorney for the plaintiff and executed in Oregon by Roy E. Goble and J. F. Wallace as purchasers and by the plaintiff as seller. The purchasers made a down payment of $6,000 when the contract was signed and immediately removed the equipment to Washington, where it was used for some time. Total payments made under the contract were $20,000, and a balance of $20,000 remains unpaid.

The defendant-purchasers being in default in their payments, the stone company brought an action for the unpaid balance against Goble and Wallace, their wives, and the respective marital communities. The trial court, having before it only those decisions of this court which antedated this court's decision in *Baffin Land Corp. v. Monticello Motor Inn, Inc., ante* p. 893, 425 P.2d 623 (1967), deemed itself bound by the rule of lex loci contractus and concluded that it must apply Oregon law, since the contract was made there. Following this court's decision in *Escrow Serv. Co. v. Cressler,* 59 Wn.2d 38, 365 P.2d 760 (1961), the most recent in a line dating back to the second *La Selle* case, *La Selle v. Woolery,* 14 Wash. 70, 44 Pac. 115 (1896), the trial court held that under Oregon law neither the defendant wives nor the defendant communities incurred any obligation by the execution of the contract by Goble and Wallace. The stone company thus recovered a judgment for the unpaid balance of $20,000 with interest and attorney's fees only against Goble and Wallace individually.

From the portion of the judgment dismissing the action against the wives and marital communities of the defendants Goble and Wallace, plaintiff has taken this appeal.

In the case of *Baffin Land Corp., supra,* we adopted and applied the most significant relationship rule for choice of law problems which are essentially contractual. The instant matter appears to present a similar problem.

■ We find that the following significant contacts, as set forth in Restatement (Second), Conflict of Laws § 332b (Tent. Draft No. 6), as modified in November 1960, were located in Oregon. The contract was executed in Oregon, at least part of the negotiations took place in Oregon, the seller completely performed in Oregon, and the situs of the subject matter of the contract at the time of contracting as at the time of performance by the seller was in Oregon. Most significant is that the place of delivery of possession by the seller was in Oregon. See Restatement (Second), Conflict of Laws § 346g (Tent. Draft No. 6). We find, therefore, that application of the most significant contacts rule produces the same result as that obtained by application of the rule of lex loci contractus, which, as indicated above, is no longer the law of this jurisdiction.

In our view of the matter, however, the instant appeal does not present a true conflict choice of law problem. See Marsh, Marital Property in Conflict of Laws 148 (1952). For the reasons which will be discussed below, it is our decision that the result of this case is no different under applicable Oregon law than it would be if Washington law were applied.

■ It is necessary for us to examine the line of decisions, beginning with the second *La Selle* case, relied on by the trial court for the proposition that the obligation incurred by the husbands of the Goble and Wallace families is not chargeable on the community property of the families in Washington. The result in *La Selle* was based on the reasoning that the obligation the husband incurred in Wisconsin was "separate" under Wisconsin law, since that state had no community property system, and therefore only his

separate property in Washington could be subjected to the satisfaction of the debt. This reasoning, which this court has preserved, has been subject to much criticism. See, *e.g.,* Goodrich, Conflict of Laws § 126 (4th ed. 1964); Marsh, *op. cit. supra* at 148-51; Note, 31 Wash. L. Rev. 119 (1956); Note, *Liability of the Community for Separate Debts of Husband in Conflict of Laws,* 11 Wash. L. Rev. 166 (1936); *Maag v. Voykovich,* 46 Wn.2d 302, 280 P.2d 680 (1955), concurring opinion of Hill, J.

The rule of the second *La Selle* case produces results which are very nearly absurd. For example, assume the case of a married man domiciled in Vancouver, Washington, who begins a business across the Columbia River in Portland, Oregon. The income the husband earns by his exertions would be community property, since the character of marital personal property is determined by the law of the matrimonial domicile at the time of acquisition. *Snyder v. Stringer,* 116 Wash. 131, 198 Pac. 733 (1921); *Colpe v. Lindblom,* 57 Wash. 106, 106 Pac. 634 (1910). Under the rule of the second *La Selle* decision and similar cases, however, the obligations incurred in operating the business would be "separate" obligations of the husband and could be satisfied only out of his separate property, which might well be nonexistent. *Thus it follows that upon termination of the business an Oregon business creditor of the husband could not even reach the income from the business once it had been withdrawn into Washington.*

The reasoning which produced the rule of the second *La Selle* case was palpably fallacious. A much quoted passage from Marsh, *op. cit. supra* at 150, demonstrates the fallacy in the reasoning:

> Nevertheless, the court [in the second *La Selle* case] purported to find that by the law of *Wisconsin* this debt was a "separate" or "noncommunity" debt of H, and gave judgment for the defendants. How was it possible to find such a rule in the law of Wisconsin? The reasoning is very simple. The court found assertions in the Wisconsin decisions that debts incurred by the husband in that state were his "separate" debts, meaning thereby that the

"separate" property *of the wife* was not liable for them. Of course, *every debt* contracted by the husband in Wisconsin would be a "separate" debt in this sense. The Washington court then reasoned as follows: This debt of the husband is a "separate" debt by the law of Wisconsin [meaning, "not chargeable upon the wife's 'separate' property"]. The law of the place of making of the contract [Wisconsin] governs the "character" of the debt. Therefore, this is a "separate" debt of the husband [meaning, "not chargeable upon the community property of husband and wife"]. The verbal fallacy in this argument is about as obvious as that in the old syllogism: All batteries are torts. An automobile has a battery. Therefore, an automobile is a tort.

It is to be noted here that, since both Wisconsin and Oregon employ the common law rules as to marital property, the reasoning is no better (or just as fallacious) in regard to the law of Oregon.

In six of the eight community property states, all obligations incurred by the husband, either before or after marriage, are chargeable to community property acquired by him. Marsh, *op. cit. supra* at 146-47; Goodrich, *op. cit. supra* at 254, n. 59. Only in Washington and Arizona is the community property not liable for "separate" obligations of the husband. Marsh, *op. cit. supra* at 147. It seems highly unnecessary and undesirable to emphasize further the difficulties which creditors of local husbands encounter by discriminating against those who become creditors under the laws of states which apply common law rules in regard to marital property.[1]

---

[1] In the recent decision of *Household Finance Corp. v. Smith, ante* p. 401, 423 P.2d 621 (1967), this court had before it a situation in which both the husband and wife signed the obligation in South Dakota. We made the following observation, *ante* p. 404, in regard to that case:

Though we seemingly cannot precisely define what a community is, we are able with some certainty to say that it is not a device to defraud out-of-state creditors in cases where both husband and wife have signed a promissory note and created thereby a joint and several obligation outside the state of Washington, which would be enforceable against community property had it been executed in this state.

It is worth mentioning this much criticized rule is not legislative in origin. As indicated above, the rule originated in the second *La Selle* decision. The second *La Selle* case was a departure from the first decision of this court in that matter, *La Selle v. Woolery*, 11 Wash. 337, 39 Pac. 663 (1895), a well-reasoned decision in which it was held that property held as community property in Washington was subject to a liability incurred by the husband alone, although after marriage, in the prosecution of ordinary business in Wisconsin. See Marsh, *op. cit. supra* at 148-49; Goodrich, *op. cit. supra* at 254.

A most significant point is that the court, in the line of cases beginning with the second *La Selle* case, *has not been, although it has claimed to have been, applying the law of the foreign state involved.* As was said in Marsh, *op. cit. supra* at 153, in regard to *Mountain v. Price*, 20 Wn.2d 129, 146 P.2d 327 (1944), a tort case of the second *La Selle* decision ilk:

> By the rationale of this case, if a married man domiciled in Washington should drive down the highway on "community business" and negligently strike Plaintiff A ten feet on the Washington side of the state line, and then negligently strike Plaintiff B ten feet on the Oregon side of the line, and both sued in the Washington court, Plaintiff A could levy on community property to satisfy his obligation but Plaintiff B could not. *This is not the result of applying Oregon law to the second case (although the court thought so), but an arbitrary discrimination by the Washington court.* (Italics ours)

We note also that this fact was at least implicitly recognized in the first *La Selle* decision, where Hoyt, C. J., stated for the court, 11 Wash. at 340-41:

> It appears from the statutes set out in the answer that in that state [Wisconsin] there is no such thing as community property as understood here, nor is there any such thing as separate property of the husband as defined by our laws. The wife alone could own separate property. .
> . . It will be seen from these provisions that a debt incurred by the husband could there be enforced against all of the property acquired by the husband and wife

either before or after marriage excepting such as under the laws of that state would be the separate property of the wife. This is substantially the result of the laws of this state as interpreted by former decisions of this court.

In our opinion the comity which one state owes to another goes to the substance rather than the form of things. If a certain right is given in one state as to property of a certain nature, comity would require that those rights should be enforced in another state as to property of the same nature though it might be called by a different name.

■ We have reviewed the Oregon law pleaded by the defendants in this case and which we must take judicial notice of under RCW 5.24.010. We have particularly scrutinized the two statutes emphasized by the defendants on this appeal, *viz.*, ORS 108.020 and 108.050. These two statutes provide that generally neither husband nor wife is liable for debts incurred by the other and that a married woman's property shall not be subject to the debts of her husband. These statutes have only the limited relevance here of supporting the unquestioned conclusion that, under Oregon law, the separate property of Mrs. Goble and Mrs. Wallace is not subject to the liability involved.

Since there is no community property law in Oregon, no solution to the instant problem of the liability of community property can be found in Oregon statutes or decisions. As far as we can proceed in applying Oregon law is to say that, if the contract before us had been executed by Oregon husbands who thereafter remained in Oregon, the plaintiff-creditor would have been able to reach all property of the couple in satisfaction of the debt, except that separately owned by the wives. This logical view of Oregon law as applied to this Washington problem produces more just results, as it accords with the expectations of creditors, husbands, and wives, under either Washington or Oregon law. This view is also more in accord with the dictates of comity, as expressed by Chief Justice Hoyt in the first *La Selle* case, in that it gives effect to the substance, not just the form, of the foreign law involved.

We conclude, therefore, that the second *La Selle* case and its progeny, which *Baffin* (supra) determined is no longer applicable as to the contract choice of law question, should no longer be adhered to on the question of community liability involved here.[2] Rather we conclude that, since the obligation of a husband in Oregon subjects all the property of the married couple to the debt except the separate property of the wife, the effect of applying Oregon law to the situation before us is that all property, including community property, held by the Gobles and the Wallaces, with the exception of the wives separate property, is subject to the obligation involved.

That portion of the judgment below which dismissed the action as to the defendant communities is reversed, and the case is remanded for proceedings consistent with this opinion.

HILL, ROSELLINI, OTT, HUNTER, HAMILTON, and HALE, JJ., concur.

DONWORTH and WEAVER, JJ., concur in the result.

---

[2] Our holding in the instant case was foreshadowed by the recent, unanimous en banc decision in *Household Finance Corp. v. Smith,* ante p. 401, 423 P.2d 621 (1967), in which it was held that, when both husband and wife incur an obligation in a foreign and non-community property state, the obligation can be satisfied out of the couple's community property in Washington.