521 P.2d 633

**Marvin L. BAINUM and Nadine Bainum, his wife, Appellants,**

v.

**K. John ROUNDY, Appellee.**

**No. I CA–CIV 2137.**

Court of Appeals of Arizona, Division 1.

April 23, 1974.

Rehearing Denied June 3, 1974.

Review Denied July 2, 1974.

Raymond Huffsteter, Phoenix, for appellants.

Marks & Marks, by Richard B. Wilks, Phoenix, for appellee.

HOWARD, Judge.

This appeal arises from a suit upon a promissory note executed and delivered in the State of Utah by appellant-husband as a result of a transaction entered into by him and appellee for the sale of stock. The case was tried to the court sitting without a jury and it was ordered that appellee have judgment "against the defendant Marvin L. Bainum and Nadine Bainum, his wife". Appellants contend that the action was barred by the statute of limitations unless, as apparently the trial court found, a letter written by appellant-husband on March 25, 1969, constitutes a sufficient acknowledgment to remove the bar of the limitations statute. The record reflects a series of letters between Mr. Bainum and Mr. Roundy in the year preceding the March 25, 1969 letter. The complete tenor of this correspondence demonstrates the existence of a friendly relationship. A portion of the March 25th letter states:

"I am checking to see what weekend would be best for you to come over. We do have a nicely furnished mobile home. It is even stocked with groceries and our last guests from Kansas left a few days ago so we would have no problem on a place for you to stay. As it appears, this weekend will be opened for me. Why don't I call you on Thursday or Friday evening and you could come over at that time.

The weather is in the high 80's now, and I think you will find the sunshine most enjoyable. *I am sure we can reach an understanding in a satisfactory arrangement for the repayment of my note*

*with you.* I would also, if possible John, like to work with you on helping you liquidate your other stock . . . ." The letter contained a postscript to the effect that Mr. Bainum hoped that Mrs. Roundy would accompany her husband to Arizona.

A.R.S. § 12–508 provides:

"When an action is barred by limitation no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the action out of the operation of the law, unless the acknowledgment is in writing and signed by the party to be charged thereby."

Our Arizona Supreme Court has recently discussed the sufficiency of an acknowledgment in Freeman v. Wilson, 107 Ariz. 271, 485 P.2d 1161 (1971):

"For an acknowledgment of an indebtedness to effectively remove the bar of the limitation's period the acknowledgment must be in writing; it must be signed by the party to be charged; it must sufficiently identify the obligation referred to, though it need not specify the exact amount or nature of the debt; it must contain a promise, express or implied, to pay the indebtedness; and it must contain, directly or impliedly, an expression by the debtor of the 'justness' of the debt. 'Justness', as used here, refers to the moral obligation which the debtor feels rests upon himself to repay the original obligation. The 'justness' of a debt may be express or it may be implied from the words used in acknowledging the debt. [citation omitted] Where a debtor acknowledges the 'justness' of the debt and expresses a willingness to repay the obligation the law will imply from the acknowledgment a promise to pay the entire obligation, [citation omitted]; and no precise form of words need be used to constitute a legally sufficient acknowledgment." 107 Ariz. at 275–276, 485 P.2d at 1165.

■ Appellants concede that the requirements of a writing signed by the person to be charged and identification of the obligation as to appellant-husband are clearly met by the March 25th letter. They contend, however, that the statement in the letter "I am sure we can reach an understanding in a satisfactory arrangement for the repayment of my note with you" constitutes no more than a conditional promise to pay. We do not agree. The letter discloses that Mr. Bainum treated the indebtedness as subsisting, expressed a willingness to pay it, and felt a moral obligation to pay the debt. The use of the words "reach an understanding in a satisfactory arrangement" do not detract from his willingness to pay the debt—they merely reflect the fact that Mr. Bainum would have to work out the *terms* of repayment. The trial court did not err in finding that the March 25th letter constituted a sufficient acknowledgment to remove the bar of the statute of limitations.

Appellants' second attack on the judgment is directed to the fact that the judgment ran against both husband and wife. They contend that since the promissory note was executed solely by the husband, and since the transaction was to be governed by the law of Utah (a non-community property state) the wife could not be held responsible for her husband's debt. In support of their position, they cite two sections of the Utah Code:

Section 30–2–1 provides:

"Wife's rights in property—Liability for husband's debts.—Real and personal estate of every female acquired before marriage, and all property to which she may afterwards become entitled by purchase, gift, grant, inheritance, bequest or devise, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations or engagements of her husband, and may be conveyed, devised or bequeathed by her as if she were unmarried."

Section 70A–3–401 provides:

"Signature—No person is liable on an instrument unless his signature appears thereon . . . ."

(This section of the Utah Code is a statutory counterpart of our A.R.S. § 44–2538. The pre-Commercial Code law, in effect at the time the subject note was executed, was the same. Laws 1956, A.R.S. § 44–418.)

■ We have recently held that one whose signature does not appear on a promissory note cannot be liable thereon. See Ness v. Greater Arizona Realty, Inc., 21 Ariz.App. 231, 517 P.2d 1278 (1974). Appellants, however, misconstrue the judgment entered herein as it did not impose liability on the wife but merely subjected the community composed of Marvin Bainum and his wife to the liability. It is well settled in this State that execution of a note by the husband, in the absence of any evidence that the obligation was not a community one, binds the community composed of the husband and wife. Keplinger v. Boyett, 6 Ariz.App. 514, 433 P.2d 1006 (1967); Donato v. Fishburn, 90 Ariz. 210, 367 P.2d 245 (1961).

■ Therefore, the ultimate question to be resolved is whether appellants' community is immunized from liability for an obligation incurred by appellant-husband in a non-community property state. At common law, property acquired by a husband during coverture remains his separate property and the wife has no interest in her husband's property apart from dower or inheritance. 41 C.J.S. Husband and Wife § 18. In Utah, the husband is the complete owner of such property and the rights of a wife are confined to a homestead interest and "statutory dower", i. e. one-third interest in the realty. Greener v. Greener, 116 Utah 571, 212 P.2d 194 (1949). The only purpose of section 30–2–1, Utah Code Annotated, supra, is to immunize from liability a wife's property whereas at common law her husband had complete control thereof and debts incurred by him could be satisfied out of her property.

We agree with the rationale of the Supreme Court of Washington in Pacific States Cut Stone Co. v. Goble, 70 Wash.2d 907, 425 P.2d 631 (1967) wherein the court held that where a husband executed a conditional sales contract in a non-community property state, and he and his wife were Washington residents, and under the law of the foreign state a married woman's property was not subject to debts of her husband, all community property held by husband and wife, with the exception of the wife's separate property, was subject to the obligation. The court stated:

"Since there is no community property law in Oregon, [the foreign state] no solution to the instant problem of the liability of community property can be found in Oregon statutes or decisions. As far as we can proceed in applying Oregon law is to say that, if the contract before us had been executed by Oregon husbands who thereafter remained in Oregon, the plaintiff-creditor would have been able to reach all property of the couple in satisfaction of the debt, except that separately owned by the wives. This logical view of Oregon law as applied to this Washington problem produces more just results, as it accords with the expectations of creditors, husbands, and wives, under either Washington or Oregon law. This view is also more in accord with the dictates of comity . . . in that it gives effect to the substance, not just the form, of the foreign law involved." 425 P.2d at 634.

We are of the opinion, as apparently was the trial court, that since appellant-husband's obligation in Utah would subject all of appellants' property to payment of the note (except the separate property of appellant-wife) the effect of applying Utah law to the instant situation is that appellants' community property is subject to the obligation involved in this litigation.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).