Morton H. ZALUTSKY, Trustee of Zalutsky, Klarquist & Johnson, P.C., Profit-Sharing Plan and Trust, Plaintiff-Appellant,

v.

Jean EPSTEIN, Defendant-Appellee.

No. 86–3819.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1987.

Decided June 29, 1987.

Dissenting Opinion Amended July 14, 1987.

Gary L. Kahn, Portland, Or., for plaintiff-appellant.

Bennett H. Goldstein, Portland, Or., for defendant-appellee.

Before ANDERSON, TANG and NOONAN, Circuit Judges.

### ORDER

The judgment of the district court is AFFIRMED for the reasons stated by Judge Frye.

TANG, Circuit Judge, dissenting:

I respectfully dissent.

Morton Zalutsky appeals a summary judgment dismissing his contract guaranty action against Mrs. Jean Epstein. Zalutsky is trustee of a profit-sharing plan and a resident of Oregon. Mrs. Epstein is a California resident and widow of the late Dr. Leonard Epstein. Dr. Epstein was general partner of Brenden West, a real estate partnership. Brenden West entered into a three-way tax-free real estate exchange

with two other entities that are not parties to this action. As part of the deal, one of the parties took a land sale contract and then sold the contract to Zalutsky for cash. Dr. & Mrs. Epstein executed a guaranty of the land sale contract. The obligor of the contract soon defaulted and Zalutsky turned to the Epsteins for payment. Upon Dr. Epstein's suggestion, Zalutsky tendered the deed to the obligor to facilitate resale and thereby mitigate damages. The obligor resold the property. Dr. Epstein died shortly thereafter and Zalutsky sued Mrs. Epstein for the deficiency.

The district court accepted Jean Epstein's two principal arguments. First, the merger doctrine extinguished any obligation she may have had because no evidence indicated that counsel for Epstein's late husband represented her personally. Second, the land sale contract itself precluded recovery of a deficiency judgment and no evidence shows that she personally assumed an obligation greater than that in the land sale contract.

In my view, the court improvidently granted summary judgment without first considering the potential impact of California community property law. California statutes provide that one spouse acting alone may bind the community. Cal.Civ. Code § 5125 (West Supp.1987). Furthermore, "upon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the property...." Cal.Prob. Code § 649.4(a) (West Supp.1987). Although the parties argued the community property issue, the court confined its holding to a rejection of Jean Epstein's personal obligation on the guaranty and ignored the possibility that she may be liable to the extent of her interest in the community property. *See Pacific States Cut Stone Co. v. Goble,* 70 Wash.2d 907, 425 P.2d 631 (1967) (Washington wife's community property subject to the husband's separate obligation in Oregon) *Bainum v. Roundy,* 21 Ariz.App. 534, 521 P.2d 633 (1974) (Arizona wife's community property subject to the husband separate obligation in Utah).

Zalutsky raised genuine issues of fact that Dr. Epstein, through his attorney, consented to preserve the guarantee against merger and assumed an obligation greater than the land sale contract. The record indicates that Dr. Epstein encouraged Zalutsky to tender the deed to Equifactors. Zalutsky balked and attempted to secure a commitment from Dr. Epstein that tender would not extinguish the guaranty. It is reasonable to conclude that Zalutsky consented to Epstein's request only because he believed he had recourse against Epstein for the deficiency. The record also supports an inference that Dr. Epstein guaranteed full payment. Zalutsky required Epstein's guaranty because Equifactor's only asset was the Fountain Apartments. The guaranty would have been worthless if the anti-deficiency clause released Dr. Epstein.

Whether Mrs. Epstein is personally liable to the extent of her interest in the community property for Dr. Epstein's alleged debt to Zalutsky is a significant question that cannot be answered on the record before us. The district court totally ignored the issue and so do we in the majority's affirmance. Therefore, I would reverse and remand for further proceedings.